(No. 26733.—

SWIFT & COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GLADYS COLLIER *et al.*, Defendants in Error.)

*Opinion filed November 17, 1942.*

KITCH, MOORE & GOFF, for plaintiff in error.

J. S. COOK, (CHARLES S. CUSHNER, of counsel,) for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

A writ of error was allowed to Swift & Company to review a judgment of the circuit court of Cook county which affirmed a decision of the Industrial Commission awarding to Gladys Collier, widow, and Martha Collier, minor child, of Charles Collier, deceased, a partial lump-sum settlement of a compensation award allowed for the

support of the widow and the education and maintenance of the daughter. The award entered by the arbitrator, which was not appealed to the commission, fixed the compensation allowance at $16.34 a week for 272 weeks and one week to the daughter at $5.52. The partial lump-sum settlement was for the commuted value of the last 63 weeks of the period, which was fixed at $908.46. The petition for a lump-sum settlement was signed by Gladys Collier and no guardian *ad litem* was appointed to represent the minor. The petitioner alleged that she believed it to the best interest of the parties that compensation "now due" and to become due be paid in a lump sum to pay debts and take care of current needs and to remodel the beauty shop which petitioner is operating.

Only two witnesses testified in support of the petition and none appeared to oppose. The two witnesses for petitioner were Gladys Collier, the petitioner, and her father, Clyde A. Ewing. On her own behalf the petitioner testified that the total amount awarded her as compensation for the death of her husband was $4453 payable weekly at $16.34 per week; that she had collected for 21 weeks; that she has two children, and earns in her beauty shop business on Cottage Grove avenue, Chicago, from $15 to $16 a week; that she is asking a lump-sum award of about $1200; that it will require about $600 to modernize her beauty parlor, to put in an extra booth and to pay her lawyer; that if she puts in those improvements she estimates that she can make $35 to $40 a week instead of $15 to $16 a week; that if she earned that much she would put away the further compensation money for the children.

She testified that she had operated the beauty shop before her husband's death; that it is located where she lives; that she now operates the shop alone; that she wants to fix up the booths; that she has priced the equipment which would run around $600. She was twenty-four

years old at the time of the hearing, had two children who were living with her and she paid $32.50 for rent.

Her father testified that he lives at 3525 Cottage Grove avenue which is near his daughter's home; that he is familiar with what his daughter is going to do and knows that it is the proper thing to do. Her lawyer said he would like to have a partial lump sum from the terminal end of the award. The attorney had a contract for 15 per cent on a contingent basis.

The attorney for plaintiff in error called attention of the commissioner to the fact that the child was not represented by guardian, but no guardian *ad litem* was appointed. The commission's lump-sum award, as granted, was confirmed by the circuit court of Cook county with a finding that no errors appeared in the record and that the decision is in accord with the manifest weight of the evidence. Plaintiff in error contends that the commutation of a portion of the compensation awarded was not to the best interest of the parties; and that an award for death benefits is uncertain and contingent in duration and cannot, under the law, be commuted to a lump sum.

In the early stages of the Illinois Workmen's Compensation Act when the common-law writ of *certiorari* was the only mode of reviewing the decisions of the Industrial Board, the power of the circuit courts was limited to a review of the decisions on questions of law only, (*Forschner* v. *Industrial Board,* 278 Ill. 99,) but as the statute now reads, the courts may confirm or set aside the decision of the Industrial Commission and may enter such decision as is justified by law. The decision of the Industrial Commission is conclusive in the absence of fraud unless reviewed according to the statutory method. Under the present procedure the findings of fact of the commission are sustained unless manifestly against the weight of the evidence. *Barto* v. *Industrial Com.* 359 Ill. 625; *Clausen*

v. *Industrial Com.* 346 id. 474; *Simpson Co.* v. *Industrial Com.* 337 id. 454.

The judgment in this case is against the manifest weight of the evidence because the record fails to show that the best interests of the parties will be served by the partial lump-sum payment. The minor had no guardian *ad litem* appointed to protect her interests and she is not shown to have a legal guardian. Accordingly, she is not bound by the decision. (*Skaggs* v. *Industrial Com.* 371 Ill. 535; *Wahlgren* v. *Industrial Com.* 323 id. 194.) Since the minor has a contingent interest in the award, any commutation of future installments into a lump-sum payment may well injuriously affect the interests of the employer, who may later be compelled to pay the award according to the original allowance. The award in this case is uncertain and contingent in duration and amount, as held in *Illinois Zinc Co.* v. *Industrial Com.* 366 Ill. 480, and any commutation of the terminal end of the payments would injure plaintiff in error by depriving it of due process of law and of the equal protection of the law.

It is not made to appear by any substantial evidence that the widow's interests will be best served by such settlement. She now earns from $15 to $16 a week and receives compensation of $16.34 per week. Combined she now receives in excess of $30 a week. If she is compelled to pay interest on $908.46, her estimated increase in income from her work, resulting from modernizing her beauty shop, will be reduced. There is no substantial evidence that she will be able to increase her income thereby. The testimony of her father is a mere conclusion which amounts to a conjecture or surmise. Her own estimate is pure speculation. There is no proof of her business sagacity nor the character of the neighborhood from which the increased patronage is supposed to flow. The facts are even more persuasive in this case than were those in recent cases wherein

we have held that a lump-sum award allowed to a widow by the commission was manifestly against the weight of the evidence. *Skaggs* v. *Industrial Com.* 371 Ill. 535; *Lincoln Water Co.* v. *Industrial Com.* 332 id. 64; *Sangamon Mining Co.* v. *Industrial Com.* 315 id. 532.

For the foregoing reasons, the judgment of the circuit court is reversed and the order of the Industrial Commission is set aside.

*Judgment reversed and order set aside.*