WULFF, Respondent, v. SWANSON, et al, Appellants

(12 N. W.2d 553.)

(File No. 8667.  Opinion filed January 14, 1944.)

Rehearing Denied February 23, 1944.

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**R. F. Williamson,** of Aberdeen, for Respondent.

WARREN, P.J.   Everett Wulff, a single man, was employed by Gus Swanson in operating a combine.   He suffered an accident causing mortal injuries from which he died.

The deceased had no children or other dependents, except his mother, the claimant herein.   Claimant, at the time of Everett's death, was living with him, temporarily, under an existing arrangement whereby she was to live in turn with her several children upon all of whom she was dependent for support.   Since Everett's death she has lived in turn with her three living children and has turned the compensation checks over to the child with whom she in turn stayed.   Claimant at the time of the hearing was sixty-three years old.   According to the American Experience Tables of Mortality her life expectancy was 12.26 years.   She was in poor health and required constant medical attention.   She suffered from high blood pressure, a nervous condition, was under the care of physicians and to some extent had been taking medicine.   There is testimony to the effect that she had suffered two light strokes; her blood pressure was high, and that she did not have a very strong heart.   There was no medical testimony as to the condition of the claimant.

The record discloses a written agreement whereby defendants agreed to pay the claimant the sum of $1650 under the workmen's compensation law, in installments of $16.50 per month.   The agreement was approved by the industrial commissioner.   Defendants have continued to make the payments in accordance with said agreement.

Claimant, on April 10, 1942, filed a petition with the industrial commissioner for a lump-sum settlement.   Defendants filed written objections.   At the conclusion of the hearing, the commissioner entered findings of fact and conclusions of law granting the petitioner a lump-sum award in the commuted amount of $1315.   Defendants appealed to the circuit court of Marshall County.   A judgment by the

circuit court affirming the lump-sum award was made and filed on March 12, 1943. This is an appeal from the judgment.

Appellants at the outset in their brief urge error to the industrial commissioner's making conclusion of law No. II, insisting that the commissioner abused his discretion in ordering a lump-sum settlement because there is no evidence from which the sum of the probable future payments could be determined. Under SDC 64.0510 the burden of proof is undoubtedly upon the claimant to establish the proper facts from which the commissioner can determine the total sum of the probable future payments. The record does not contain evidence from which the commissioner could have determined, with any degree of accuracy, the amount of the probable future payments. We may safely say that the record is quite silent as to evidence from which the commissioner could base the amount fixed as the proper lump sum to be paid as compensation. Skaggs v. Industrial Commission et al., 371 Ill. 535, 21 N. E.2d 731; H. W. Clark Co. v. Industrial Commission et al., 291 Ill. 561, 126 N. E. 579. In this connection, the respondent, in maintaining her position for recovery, is confronted with SDC 64.0510 which provides that before a lump-sum settlement can be ordered, it must appear "to the best interests of the parties that such compensation be so paid." This burden has not been met by the evidence. The record discloses the fact that her physical condition and health may not permit her to live the length of time or expectancy as disclosed by the mortality tables.

Our workmen's compensation statutes, it will be observed, are quite similar to the Illinois statutes. An examination of the Illinois decisions discloses that the interpretation of the language of the statute we have just quoted cannot apply to only one of the parties, but must apply to both parties. Section 9 of the Illinois statute, Smith-Hurd Stats. c. 48, § 146, from which our § 25, Ch. 376, Session Laws 1917, Workmen's Compensation Law, now SDC 64.0510, was drafted is set forth and construed in Goetlitz

Co. v. Industrial Board of Illinois et al., 1917, 278 Ill. 164, 115 N. E. 855, in which the Illinois court held that there must be evidence to show that it is for the best interests of the applicant and that the payment in a lump sum will not result injuriously to the other party. The court quoted from Harper's Workmen's Compensation Act 5 showing that it might become necessary for the employer to terminate all his obligations to his injured workman and others; and, in that event, a lump-sum settlement would be desirable to both parties. See also Forschner & Co. v. Industrial Board of Illinois, 278 Ill. 99, 115 N. E. 912, and H. W. Clark Co. v. Industrial Commission et al., 291 Ill. 561, 126 N. E. 579.

In a later case, Illinois Zinc Co. v. Industrial Commission et al., 366 Ill. 480, 9 N. E.2d 212, 213, the Illinois Supreme Court has followed its earlier decisions and has also elaborated on the construction of its statute in a case in which the factual matters are quite similar to the ones in the instant case, and we quote: "The award in this case was not for a definite sum of money payable at all events over a definite period of years and months, but was contingent in its nature. It was, in legal effect, an award that if the widow should live so long and should remain unmarried she should have and receive the specified payments at the specified intervals, not exceeding, in all, the sum of $4,000. This measured the extent of the employer's liability to pay, and it cannot be said that when this petition was filed under section 9 of the Workmen's Compensation Act, there was any certain sum which could be described as 'such compensation, or any unpaid part thereof.' Neither can it be said that this kind of an order is to the best interest of the parties. It might or might not be to the best interest of the surviving widow, but it clearly could not be in the interest of the objecting employer, and the section is only applicable where it is shown or admitted to be to the best interest of both parties." Lumbermen's Mut. Casualty Co. et al. v. McIntyre, 67 Ga. App. 666, 21 S. E.2d 446.

It will be observed that the facts in the instant case, relating to the age and physical condition of the respondent,

makes the award uncertain and contingent as to duration and under SDC 64.0402(6) there is a possibility, as a dependent of the deceased, that the respondent might die. The appellants' liability would then terminate. Matecny, Administrator v. Vierling Steel Works, 187 Ill. App. 448. This fact is recognized by courts dealing with workmen's compensation statutes similar to ours. The Supreme Court of Illinois in a later decision refers to the case just quoted from above in Swift & Co. v. Industrial Commission et al., 381 Ill. 77, 44 N. E.2d 842, 844, and we quote: "The award in this case is uncertain and contingent in duration and amount, as held in Illinois Zinc Co. v. Industrial Comm., 366 Ill. 480, 9 N. E.2d 212, and any commutation of the terminal end of the payments would injure plaintiff in error by depriving it of due process of law and of the equal protection of the law." See Sangamon County Mining Co. v. Industrial Commission et al., 315 Ill. 532, 146 N. E. 492.

We think that the facts before us clearly indicate that the usual acceptable theory of the Workmen's Compensation Act, as decided by courts passing upon statutes similar to our SDC 64.0510 must apply in this: That in the event the wage earner dies as a result of accidental injuries, the purpose of the Act is to furnish to his dependents a fund payable in installments, similar to, and in lieu of the weekly pay check and to recompense in part such dependents for the loss of the earnings of the wage earner. The public is interested in having the dependents taken care of; and if paid in installments, there would be a less chance of the loss of the funds through unwise investments or by squandering by the dependents. It may be stated generally that the allowance of a lump-sum award is the exception and not the general rule. 71 C. J. 876, § 603; Bacon v. United Electric R. Co., 51 R. I. 84, 150 A. 818, 69 A. L. R. 544, and see annotation page 547. We believe, as a matter of public policy, that the welfare of the workman or his dependents is best served by the payment of the compensation in regular fixed installments as wages are paid, and that the facts in the case before us clearly indicate that this is not a case

where a lump-sum settlement should be ordered. Illinois Zinc Co. v. Industrial Commission et al., 355 Ill. 253, 189 N. E. 310; 71 C. J. 876; Thayer v. Berkey & Gay Furniture Co. et al., 220 Mich. 332, 190 N. W. 230. We do not find there is sufficient competent evidence that it is for the "best interests" as expressed by our statute that the compensation should be paid in a lump sum; that the respondent thinks she ought to have the right to say how it should be paid is not a determinate feature. Becker v. Taylor & Co., Inc., et al., 217 App. Div. 414, 216 N. Y. S. 625, and Mikesch v. Scruggs, Vandervoort & Barney Dry Goods Co. et al., Mo. App., 46 S. W.2d 961.

For the reasons herein stated, the judgment of the circuit court is reversed, the order of the industrial commissioner is set aside and the circuit court will remand with instructions to the industrial commissioner to proceed and take such further proceedings as are not inconsistent with the views herein expressed.

POLLEY and ROBERTS, JJ., concur in result.

RUDOLPH, J., concurs specially.

SMITH, J., dissents.

RUDOLPH, J. (concurring specially). It is my opinion that giving full effect to the Illinois cases cited in the opinion of WARREN, P.J., there could never be a lump-sum payment ordered by the commissioner without the consent of the employer. On the other hand, should we in this case sustain the order for lump-sum payment, we would ignore entirely the requirement of the statute that such lump-sum payment must be "to the best interests of the parties", including the employer. Therefore, without accepting the extreme position taken by the Illinois cases, I have concluded that where, as in this case, it is shown the beneficiary is in such physical condition that a serious question is presented regarding the likelihood of the beneficiary living the length of time required to complete the installment payments, it cannot be held to be to the best interest of the employer to require a lump-sum payment, the amount of

which contemplates that the beneficiary will live out the installment period.

It is obvious, I believe, that the intent of the statute should be clarified by legislative action.