2002 SD 23

**Virginia JOHNSON, Claimant
and Appellee,**

v.

**POWDER RIVER TRANS-
PORTATION, Employ-
er and Appellant,**

and

**Indemnity Insurance Co., Insurer
and Appellant.**

**Nos. 22008, 22010.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 13, 2001.

Decided Feb. 20, 2002.

Rehearing Denied March 20, 2002.

James D. Leach of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for appellee.

Craig A. Pfeifle of Lynn, Jackson, Schultz & Lebrun, Rapid City, for appellant.

SEVERSON, Circuit Judge.

[¶ 1.] The South Dakota Department of Labor, Division of Labor and Management (Department) determined that Virginia Johnson (Johnson) was permanently, totally disabled and entitled to compensation for life. Powder River Transportation (Powder River) appealed Department's decision. The circuit court denied a constitutional challenge to reduction in benefits by the amount of social security benefits, upheld Department's decision to decline to tax disbursements, and affirmed Department's decision to award permanent disability compensation to Johnson. Both parties have appealed. We affirm.

## FACTS

[¶ 2.] Virginia Johnson, a sixty-one-year-old employee of Powder River, was performing duties as a van driver on March 16, 1998 when she slipped and fell on ice and suffered injury to her right shoulder and lower back. Johnson reported the injury to her employer and sought medical treatment. Johnson continued to work while undergoing treatment for her injuries. Prior to the incident, she had been working twelve to fifteen hours per day, seven days per week. Because the extensive work schedule tended to aggravate her injury, her doctor limited her to five days a week, eight hours per day with a lifting restriction of twenty pounds. In compliance with the restrictions ordered by Johnson's doctor, Powder River limited Johnson's work schedule.

[¶ 3.] Johnson's average weekly wage at the time of her injury was $241.65 based on her pay of 18 cents per mile driven. From the date of her injury to the end of her employment with Powder River, Johnson earned an average weekly income of approximately $146. In October 1999 Powder River lost its contract to transport railroad workers, and the new contractor chose not to hire Johnson. Johnson has had no work since that time.

[¶ 4.] While still in the employ of Powder River, Johnson sought worker's compensation benefits through Department. On March 8, 1999 a memorandum of payment was issued noting that Johnson's compensation rate would be $195.

[¶ 5.] In order to continue receiving unemployment compensation, Johnson documented businesses in the area where she applied for work. She registered with Job Service in Hot Springs and returned at least twenty-three times between April and November 1999 attempting to find employment. She also contacted other employers in her area. Despite Johnson's efforts to find employment, she received only two job offers. One was unacceptable because it would require relocating to eastern South Dakota. The other was unac-

ceptable because it offered only four hours per week and Johnson was still employed by Powder River at the time and had to be available to be called out to drive.

[¶ 6.] On December 7, 1999 a hearing on the matter was held before Department. The administrative law judge determined that Johnson was permanently totally disabled and set her compensation rate at $195 per week with cost of living increases. Department found that Johnson had made an extensive job search and had been unsuccessful in her attempt to find employment. Department further found that although she was not obviously unemployable based solely on her physical condition, Johnson had made a prima facie odd-lot case considering her age, training and experience and the type of work available in her community and considering that with the cost of commuting at twenty-nine (29) cents per mile, jobs available in Hot Springs would pay less than Johnson's compensation rate. Finally, Department held that Powder River failed to satisfy its rebuttal burden of showing that positions that Johnson might have qualified for were regularly and continuously open.

[¶ 7.] Powder River appealed challenging Department's determination that Johnson had made a reasonable job search in support of a prima facie odd-lot case. Powder River also appealed Department's determination that open positions were not available in light of the direct cost of commuting offset calculated at 29 cents per mile. The circuit court, applying a clearly erroneous standard, held that there was sufficient evidence to support Department's finding that the job search was reasonable and affirmed the Department's finding in favor of Johnson on this issue. The circuit court also held Department correctly considered and interpreted SDCL 62–4–52(1)(b) regarding availability of comparable work in the community in light of the cost of commuting. Since the income from available jobs would fall below the minimum wage when the cost of commuting was considered, the jobs available in Hot Springs would be financially infeasible.

[¶ 8.] Johnson filed a notice of review, challenging Department's refusal to find the second paragraph of SDCL 62–4–7, which provides for an offset of a claimant's disability payments once she is entitled to old-age insurance benefits under the Social Security Act, unconstitutional. Notice was given to the attorney general that the constitutionality of SDCL 62–4–7 would be challenged before the circuit court. Johnson also sought review of the Department's refusal to tax disbursements of $648.75 against the insurer.

[¶ 9.] The circuit court held that Johnson's challenge of the constitutionality of the statute on the grounds of due process was waived because it was not raised in Johnson's brief to the Department. The circuit court also held that the challenge on the basis of equal protection was raised, but Johnson did not prove beyond a reasonable doubt that the statute lacked rational basis for the classification it created and therefore did not meet her burden. Therefore, the constitutional challenge to the statute was denied. Finally, the circuit court held that taxation of disbursements was within the discretion of Department and Department did not abuse its discretion in refusing to award the disbursements to Johnson.

[¶ 10.] Powder River has appealed the decision of Department and its affirmance by the circuit court. It raises two issues for appeal:

> Did Department err in determining that claimant had made a reasonable job search in support of her prima facie odd-lot case?

Did Department err in determining that open and suitable occupations for Claimant would not be considered "available" to her in light of a 29 cents per mile cost of commute from her area residence to the jobsite?

[¶ 11.] Johnson has filed a notice of review on two additional issues:

May South Dakota constitutionally mandate reduction in worker's compensation benefits based on Social Security Old Age Benefits?

Did Department abuse its discretion or fail to apply the proper law when it refused to tax disbursements against employer and insurer?

## STANDARD OF REVIEW

[¶ 12.] SDCL 1–26–37 allows the aggrieved party or agency to obtain review of the final judgment of the circuit court under the South Dakota Administrative Procedure and Rules. Factual questions in administrative appeals are reviewed under a clearly erroneous standard and questions of law are reviewed de novo. *Wendell v. South Dakota Dept. of Transp.*, 1998 SD 130 ¶ 5, 587 N.W.2d 595, 597; *Belhassen v. John Morrell & Co.*, 2000 SD 82 ¶ 11, 613 N.W.2d 531, 535. The reviewing court is "required to give great weight to the findings and inferences made by the Department on factual questions." *Id.* Mixed questions of fact and law are fully reviewable. *Herr v. Dakotah, Inc.*, 2000 SD 90 ¶ 11, 613 N.W.2d 549, 552. This Court will make the same review of the administrative agency's decision as the circuit court, unaided by any presumption that the circuit court's decision was correct. *Kermmoade v. Quality Inn*, 2000 SD 81 ¶ 10, 612 N.W.2d 583, 586.

## ISSUE ONE

[¶ 13.] **Did Department err in determining that Johnson made a reasonable job search in support of her prima facie odd-lot case?**

[¶ 14.] The determination of whether a person falls within the odd-lot classification is a question of fact, and this Court will not substitute its judgment for Department's on the weight of the evidence or the credibility of the witnesses. *Lends His Horse v. Myrl & Roy's Paving*, 2000 SD 146 ¶ 9, 619 N.W.2d 516, 519. In order to establish a prima facie odd-lot case, Johnson must show either obvious unemployability or that she made reasonable but unsuccessful efforts to find work. *Petersen v. Hinky Dinky*, 515 N.W.2d 226, 231–232 (S.D.1994); SDCL 62–4–53. Since Johnson is not obviously unemployable, she must establish that she has made a reasonable, though unsuccessful, attempt to find employment.

[¶ 15.] South Dakota has generally applied a reasonableness standard when analyzing the job search of an odd-lot claimant. *Enger v. FMC*, 1997 SD 70 ¶ 24, 565 N.W.2d 79, 85; *Belhassen*, 2000 SD 82 ¶ 20, 613 N.W.2d at 537. When determining if a claimant qualifies for odd-lot classification, courts have considered the age, training, and experience of the person seeking classification. *Spitzack v. Berg Corp.*, 532 N.W.2d 72, 75 (S.D.1995); *Rank v. Lindblom*, 459 N.W.2d 247, 249 (S.D. 1990); *Wendel v. Domestic Seed & Supply*, 446 N.W.2d 265, 270 (S.D.1989). South Dakota courts have also considered the intent of the claimant, to the extent that he or she must show some motivation to become re-employed. *See, Petersen v. Hinky Dinky*, 515 N.W.2d at 234; *Tiensvold v. Universal Transport, Inc.*, 464 N.W.2d 820, 823–824 (S.D.1991).

[¶ 16.] Powder River asserts that while Johnson may have conducted a job search, it was not done reasonably because she placed unwarranted limitations on her

search. Department found that Johnson made a reasonable search for employment. She sought the assistance of the Job Service of South Dakota and applied for numerous positions within the realm of her training and education. It is clear that Department was not clearly erroneous in finding that Johnson conducted a reasonable job search.

■ [¶ 17.] Powder River suggests that the intent of Johnson when conducting the job search is a critical issue. It contends that she filed for benefits while still employed by Powder River and conducted the job search only to fulfill unemployment insurance requirements. The fact that Johnson filed for benefits while still employed with Powder River is not fatal to her claim. While a claimant may not be able to sustain the burden of proving she is unemployable in the current market while still employed, she is still entitled to file for benefits and have the court retain jurisdiction until such date as she may become unemployed. *McClaflin v. John Morrell & Co.*, 2001 SD 86 ¶ 14–15, 631 N.W.2d 180, 185.

[¶ 18.] This Court has held that a claimant lacking motivation to become reemployed would not qualify for odd-lot classification in *Petersen v. Hinky Dinky*, 515 N.W.2d at 234. The present case is clearly distinguishable. In *Petersen*, the claimant was unmotivated to work or seek rehabilitation. *Id* at 233. Here, Johnson made an extensive job search that was unsuccessful, garnering only two potential positions. These were declined, one due to conflicts with present employment, and the other because it would require moving to a different town. There has been no showing that Johnson has refused to search for work or has unreasonably declined employment offers. Department found that Johnson was persistent in her efforts to

find employment and that her testimony was honest, forthright, and credible.

[¶ 19.] The question of whether Johnson made a reasonable job search is a question of fact. Department determined that Johnson's job search was sufficient and the circuit court was not clearly erroneous in finding that the record supports that decision. Therefore, the circuit court correctly determined that Johnson made a prima facie case under the odd-lot doctrine.

## ISSUE TWO

[¶ 20.] **Did Department err in determining that open and suitable occupations for Johnson would not be considered available to her in light of a 29 cents per mile cost of commute from her area residence to the jobsite?**

■ [¶ 21.] When the claimant has established a prima facie case for odd-lot classification, the burden shifts to the employer to show that "some form of suitable work is regularly and continuously available to the claimant." *Tiensvold*, 464 N.W.2d at 822. "While it is not required that an employer actually place a claimant in an open job position, more than the mere possibility of employment must be shown; the employer must establish that there are positions actually open and available." *Spitzack*, 532 N.W.2d at 76.

[¶ 22.] The claimant will be considered permanently totally disabled if she is "unable to secure anything more than sporadic employment resulting in insubstantial income" considering her physical condition, age, training, and the type of work available in her community. SDCL 62-4-53. "Sporadic employment resulting in insubstantial income" has been defined as "employment that does not offer an employee the opportunity to work either full-time or part-time and pay wages equivalent to, or greater than, the workers' compensation

benefit rate applicable to the employee at the time of the employee's injury." SDCL 62–4–52(2). A claimant's community for purposes of odd-lot classification generally includes an area within sixty road miles of her residence, unless consideration of the wages available and the cost of commuting may make it financially infeasible to work within such a distance. SDCL 62–4–52(1)(2).

■■■ [¶ 23.] At issue is whether the positions listed by Powder River are financially feasible considering the cost of commuting. Expert testimony was introduced at the hearing before Department that 29 cents per mile was a reasonable mileage rate to compute the cost of commuting.

[¶ 24.] Powder River contends that considering any mileage rate as an offset to the earnings from open positions it has located was error on the part of Department. The crux of Powder River's argument is that since people normally commute to jobs in Hot Springs from Edgemont, no resident of Edgemont should qualify for an offset for the cost of that commute.

[¶ 25.] This argument is not persuasive. SDCL 62–4–52(1)(b) provides that the court should consider jobs to be within the claimant's community if they are within sixty road miles of the employee's residence unless "consideration of the wages available within sixty road miles and the cost of commuting to the job site makes it financially infeasible to work within such a distance." The plain meaning of the statute is clear. Department committed no error in determining that the cost of commuting should be considered when determining if Powder River had located adequate employment within Johnson's community.

[¶ 26.] Department found that the jobs listed by Powder River did not pay wages equal to or greater than Johnson's com-

pensation benefit rate when the cost of commuting was deducted. As a result, those jobs were not considered to be within her community.

[¶ 27.] Department found Johnson satisfied her burden of production and burden of persuasion and that she is entitled to total permanent disability benefits. The record supports Department's determination and that of the circuit court.

## ISSUE THREE

[¶ 28.] **May South Dakota constitutionally mandate reduction in worker's compensation benefits based on Social Security Old Age Benefits?**

■■■ [¶ 29.] Johnson has challenged the constitutionality of the second paragraph of SDCL 62–4–7, which provides:

> For injuries occurring on or after July 1, 1993, if an employee is entitled to compensation under this section and is also receiving old-age insurance benefits under section 202 of the Social Security Act (42 USC § 402), the compensation payable shall be a sum equal to one hundred fifty percent of the compensation payable under § 62–4–7 less the old-age insurance benefit under § 202 of the Social Security Act (42 USC, § 402). However, benefits payable by the employer may not exceed the amount payable pursuant to § 62–4–7. This section does not apply to any person who is entitled to old-age insurance benefits at the time of the injury.

[¶ 30.] Nothing in the record shows that the attorney general was provided notice of the appeal to the Supreme Court. SDCL 15–6–24(c) requires that adequate notice to the attorney general be given in any action in which the state is not a party when the constitutionality of an act of the legislature affecting the public interest is

drawn in question. Johnson properly notified the attorney general's office prior to the administrative action and the appeal to circuit court, but has failed to do so prior to her appeal to this Court. Since the attorney general would have no indication that the appeal to this Court was taking place, it could not appear on behalf of the legislature and its people if it chose to do so. *Sharp v. Sharp*, 422 N.W.2d 443, 446 (S.D.1988).

[¶ 31.] Failing to give notice to the attorney general is not automatically fatal to a constitutional claim. However, we will only waive this requirement in certain circumstances.

[¶ 32.] Although an appellate court will ordinarily decline to rule on the constitutionality of a statute unless the attorney general has been notified, since the failure to give such notice does not deprive the court of jurisdiction, it may determine the question when it is a matter of considerable public importance which should be promptly resolved. 16 CJS, *Constitutional Law* § 86 (1984). While this is a matter of substantial importance, this is not a matter of existing emergency. Given the situation as it is presented on appeal, we do not reach the issue. The people have a right to present their arguments, and that opportunity is waiting. *Sharp*, 422 N.W.2d at 446.

[¶ 33.] Much like the Court in *Sharp*, we are faced with a matter of substantial importance, but not an existing emergency. Therefore, we need not address the constitutional issue because Johnson has not provided notice to the attorney general of the appeal to this Court.

### ISSUE FOUR

[¶ 34.] **Did Department abuse its discretion or fail to apply the proper law when it refused to tax disbursements against employer and insurer?**

[¶ 35.] Johnson contends that since she won all issues ruled on by Department, Department is required to award her taxation of disbursements and that Department abused its discretion when it applied a legitimate dispute standard and denied taxation of disbursements. Johnson cites SDCL 62–7–15 for the proposition that taxation of disbursements in favor of the prevailing party is mandatory.

[¶ 36.] In pertinent part, SDCL 62–7–15 provides "[a]ll costs incurred in the hearing before the Department may be taxed against the losing party or an equitable apportionment made thereof by the Department according to the facts."

[¶ 37.] Johnson's belief that taxation of disbursements is mandatory is misplaced. We have previously addressed the taxation of costs under SDCL 62–7–15.

[¶ 38.] By the use of the term "may be taxed" in SDCL 62–7–15, the legislature indicated an intention to put costs of the administrative proceeding within the discretion of Department. "'This language is clearly permissive rather than mandatory. Absent an abuse of discretion, Department's decision on this issue must stand.'" *Tischler v. United Parcel Service*, 1996 SD 98 ¶ 66, 552 N.W.2d 597, 608 (quoting *Wilcox v. City of Winner*, 446 N.W.2d 772, 775 (S.D.1989)).

[¶ 39.] Johnson attempts to distinguish *Tischler* by stating that the case found no abuse of discretion because both parties prevailed on both issues. In *Tischler*, Department denied costs as both parties disputed issues, and this was not an abuse of discretion. *Id.*

[¶ 40.] Johnson also seeks to distinguish *Wilcox* on the grounds that the costs were denied to the prevailing employer, not the employee. *Wilcox*, 446 N.W.2d at 775. The *Wilcox* court noted the "long-

standing public policy that worker's compensation statutes be liberally construed in favor of injured employees." *Id.* This Court in *Wilcox* clearly stated that taxing costs to an employee would act to discourage worker' compensation claimants from pursuing their claims and that employers should consider defending against such claims as a cost of doing business. *Id.* This does not, however, imply a requirement that all employers should be taxed costs when the employee wins. In *Wilcox* we merely stated a preference for not taxing costs against an employee and specifically found costs to be within the discretion of Department. *Wilcox,* 446 N.W.2d at 775.

[¶ 41.] The Court in *Tischler* found no abuse of discretion in the denial of costs because "all parties disputed issues." *Tischler,* 1996 SD at ¶ 67, 552 N.W.2d at 608. This is also the case in the present matter. Johnson sought permanent total disability benefits under the odd-lot doctrine and Powder River disputed this claim. Department denied taxation of disbursements because there was a legitimate dispute. Applying *Tischler,* it cannot be said that Department abused its discretion in denying the taxation of disbursements and the circuit court properly upheld Department's ruling.

[¶ 42.] GILBERTSON, Chief Justice, and AMUNDSON, KONENKAMP, Justices, and GORS, Acting Justice, concur.

[¶ 43.] SEVERSON, Circuit Judge, for SABERS, Justice, disqualified.