2002 SD 151

**Marjorie A. SLAMA, Claimant and Appellant,**

v.

**LANDMANN JUNGMAN HOSPITAL, Employer and Appellee,**

**and**

**Phico Insurance Company, Insurer and Appellee.**

**No. 22303.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 8, 2002.

Decided Dec. 4, 2002.

Daniel L. Fox, Fox, Youngberg & Lewno, Yankton, for appellant.

Rick W. Orr, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellees.

SABERS, Justice.

[¶ 1.] Marjorie Slama appeals a circuit court order dismissing her appeal of a South Dakota Department of Labor decision on her claim for workers' compensation benefits. We affirm.

## FACTS

[¶ 2.] An administrative law judge for the South Dakota Department of Labor granted summary judgment to Slama's employer, Landmann Jungman Hospital, and its insurer, Phico Insurance Company, on Slama's claim for workers' compensation benefits. Slama attempted to appeal the summary judgment to circuit court. To perfect the appeal, her counsel served copies of the notice of appeal on the department and on the attorney for the hospital and insurer, but not on the administrative law judge. Opposing counsel moved to dismiss the appeal for violation of the service requirements of SDCL 1–26–31: "[a]n appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, *and upon the hearing examiner, if any, who rendered the decision* [.]" Slama's counsel responded by arguing that the administrative law judge was not a "hearing examiner" as contemplated by SDCL 1–26–31 and, therefore, his service of copies of the notice of appeal on the other required parties was sufficient to perfect the appeal. Relying on the plain language of the statute, the circuit court disagreed and dismissed Slama's appeal. This appeal followed.

## ISSUE

[¶ 3.] **Did the circuit court err in dismissing Slama's appeal?**

[¶ 4.] In appeals to circuit court from decisions of administrative agencies, "SDCL 1–26–31 clearly delineates who must be served with a notice of appeal and when and where it must be filed in order to transfer jurisdiction from the executive to the judicial branch." *Schreifels v. Kottke Trucking*, 2001 SD 90, ¶ 12, 631 N.W.2d 186, 189. Failure to follow the plain language of the statute deprives the circuit court of subject matter jurisdiction over the appeal and requires its dismissal. *Id.* See also *Stark v. Munce Bros. Transfer & Storage*, 461 N.W.2d 587, 589 (S.D.1990) (failure of workers' compensation claimant to serve timely notice of appeal on department of labor was jurisdictional error requiring dismissal of appeal).

[¶ 5.] SDCL 1–26–31 required Slama to serve her notice of appeal on "the hearing examiner, if any, who rendered the decision[.]" " 'Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous,

there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.'" *Arends v. Dacotah Cement,* 2002 SD 57, ¶ 11, 645 N.W.2d 583, 587 (quoting *Martinmaas v. Engelmann,* 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611). The term "hearing examiner" has a plain meaning identical to the term "administrative law judge." As set forth in Black's Law Dictionary 46 (Bryan A. Garner ed., 7th ed.1999):

> administrative-law judge. An official who presides at an administrative hearing and who has the power to administer oaths, take testimony, rule on questions of evidence, and make factual and legal determinations. 5 USCA § 556(c).— Abbr. ALJ.—Also termed *hearing examiner;* hearing officer; trial examiner. (emphasis added).

There is no dispute that Slama failed to serve a copy of her notice of appeal on the administrative law judge or "hearing examiner" who rendered the decision in her case. Therefore, the circuit court never acquired jurisdiction over the appeal and properly dismissed it. *Schreifels, supra; Stark, supra.*

[¶ 6.] Relying on the legislative history of SDCL 1–26–31, Slama argues that the term "hearing examiner" in the statute refers only to hearing examiners employed by the State Office of Hearing Examiners pursuant to SDCL ch 1–26D. Since the administrative law judge in her case was employed by the department of labor rather than the office of hearing examiners, Slama argues that she was not required to serve the judge and her service complied with SDCL 1–26–31.

[¶ 7.] As noted above, " '[w]hen the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.'" *Arends, supra.* Thus, "resorting to legislative history is justified only when legislation is ambiguous, or its literal meaning is absurd or unreasonable. Absent these circumstances, we must give legislation its plain meaning. We cannot amend to produce or avoid a particular result." *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984). Further, this Court must apply the law as the legislature enacted it and must search for legislative intent by what the legislature said rather than what it should have said or might have said. *Whitney v. AGSCO Dakota,* 453 N.W.2d 847, 851 (S.D.1990).

[¶ 8.] In this case, the term "hearing examiner" has a plain meaning. There is no need for further construction. Had the legislature intended the meaning to be limited to hearing examiners employed under SDCL ch 1–26D, it could have said so. It did not. Moreover, there are practical reasons for rejecting this argument. Interpreting "hearing examiner" to refer only to hearing examiners employed under SDCL ch 1–26D would require appealing litigants in every administrative case to make a threshold determination of which state office employed the "hearing examiner" who decided their case. Only if the hearing examiner was employed by the office of hearing examiners would the appealing party be required to serve the examiner with a copy of the notice of appeal. There is no readily discernible purpose for this extra step. It promotes confusion and inconsistency from case to case in a procedural area where there should be clarity and continuity.

[¶ 9.] Requiring service on the hearing examiner who decided the case in every administrative appeal is not overly burdensome and, although perhaps unnecessary in some circumstances, it is presently mandatory under the law. Despite the appar-

ent harsh result in this case, it is for the South Dakota Legislature, not the courts, to change the service requirement if it is unnecessary or poses an unreasonable hurdle in certain circumstances.

[¶ 10.] Because Slama's counsel failed to serve a copy of the notice of appeal on the hearing examiner who rendered the decision in her case, the service failed to comply with SDCL 1–26–31. Accordingly, the circuit court correctly dismissed the appeal. *Schreifels, supra; Stark, supra.*

[¶ 11.] Affirmed.

[¶ 12.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concurring.

[¶ 13.] AMUNDSON, Retired Justice, dissenting.

[¶ 14.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

AMUNDSON, Retired Justice (dissenting).

[¶ 15.] The Court is denying this worker's compensation claimant her right to an appellate review of this case on the merits. Reason being that counsel failed to serve notice of appeal on the administrative law judge. Certain questions come to mind. Is the administrative law judge responsible to pay any benefits? Obviously not. If the appeal goes forward would the administrative law judge have the right to file a brief and argue before the Court? Obviously not. The parties with a vested interest in the determination of the issues in this appeal have been served with notice and are aware of its existence and the issues involved.

[¶ 16.] Should this Court require this claimant to seek recovery through another legal action such as legal malpractice? I think not. I would adhere to the policy established in *International Union of Operating Engineers Local # 49 v. Aberdeen School District No. 6–1*, even though not strictly on point, wherein this Court held:

Notices of appeal should be liberally construed in favor of their sufficiency. *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn.1985). We agree generally that:

In considering the sufficiency of the content of the notice [of appeal,] ... if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained. *This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities.* *Blink v. McNabb*, 287 N.W.2d 596, 598–99 (Iowa 1980) (citations omitted).

463 N.W.2d 843, 844 (emphasis added).

[¶ 17.] Is it fair that this claimant is out of court on this technicality when in essence allowing the appeal to proceed does not prejudice either the employer or the employee and certainly not the administrative law judge? NO, it is not fair that this claimant's case is not disposed of on the merits. Cases should customarily be decided upon the merits. *Roso v. Henning*, 1997 SD 82, ¶ 12, 566 N.W.2d 136, 141.