2004 SD 38

**FT. PIERRE QUALITY CONSTRUC-TION, INC., Mid–Century Insurance Co., Plaintiffs and Appellees,**

v.

**John ACKLEY, Defendant and Appellant.**

No. 22869.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2004.

Decided March 17, 2004.

Kenneth L. Chleborad, Rapid City, South Dakota, Attorney for plaintiffs and appellees.

Steven C. Beardsley, Michael K. Sabers of Beardsley, Jensen, and Von Wald Rapid City, South Dakota, Attorneys for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] A circuit court determined that the Department of Labor was obligated to consider and apply Social Security old-age benefits as an offset when calculating future worker's compensation benefits. This holding reversed a decision of the Department of Labor. We now reverse and reinstate the Department of Labor decision.

## FACTS AND PROCEDURE

[¶ 2.] John Ackley worked for Ft. Pierre Quality Construction (Employer) for thirty-nine years performing concrete work. On February 28, 2002, the Department of Labor (Department) awarded Ackley permanent and total disability benefits. Employer did not appeal this decision. After the Department's decision and pursuant to SDCL 62–7–6, Ackley moved for a partial lump sum payment of such benefits in order to pay his attorney's fees. In response to this request, Employer claimed that the Department must consider the old-age offset provision contained in SDCL 62–4–7. The Department declined to apply the old-age offset provision in its calculation of a lump sum payment of Ackley's disability benefits.

[¶ 3.] Employer appealed to the circuit court. The circuit court reversed the Department's decision and determined that the old-age offset provision of SDCL 62–4–7 must be taken into account when computing a lump sum payment pursuant to SDCL 62–7–6. Ackley now appeals and raises the following issue for our review:

Whether the Department of Labor was obligated to account for the Social Security old-age benefit offset provision in SDCL 62–4–7 when it calculated the present value of Ackley's permanent total disability benefits pursuant to SDCL 62–7–6.

Reversed.

## STANDARD OF REVIEW

[¶ 4.] As this case presents a matter of statutory construction, our review is de novo. *Martinmaas v. Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611. In so reviewing, this Court "must confine itself to the language" expressed in the statute, and the "intent of a statute is determined from what the legislature said, rather than what the courts think it should have said." *Id.*

## ANALYSIS AND DECISION

[¶ 5.] **Whether the Department of Labor was obligated to account for the Social Security old-age benefit offset provision in SDCL 62–4–7 when it calculated the present value of Ackley's**

**permanent total disability benefits pursuant to SDCL 62-7-6.**

■ [¶ 6.] This case involves the interpretation of SDCL 62-7-6 which provides:

An employer or employee who desires to have any unpaid compensation paid in a lump sum may petition the Department of Labor asking that the compensation be paid in that manner. If, upon proper notice to interested parties and proper showing before the department, it appears in the best interests of the employee that the compensation be paid in lump sum, the secretary of labor may order the commutation of the compensation to an equivalent lump-sum amount. *That amount shall equal the total sum of the probable future payments* capitalized at their present value on the basis of interest calculated at a rate per year set by the department with annual rests in accordance with rules promulgated pursuant to chapter 1-26. If there is an admission or adjudication of permanent total disability, the secretary may order payment of all or part of the unpaid compensation in a lump sum under the following circumstances:

(1) If the employee has exceptional financial need that arose as a result of reduced income due to the injury; or

(2) If necessary to pay the attorney's fees, costs and expenses approved by the department under § 62-7-36.

If a partial lump sum payment is made, the amount of the weekly benefit shall be reduced by the same percentage that the partial lump sum bears to the total lump sum computation. *The remaining weekly benefit is subject to the cost of living allowance provided by § 62-4-7.* Any compensation due to beneficiaries under §§ 62-4-12 to 62-4-22, inclusive, may not be paid in a lump sum, except for the remarriage lump sum provided in § 62-4-12.

(Emphasis added).

[¶ 7.] According to the plain language of the statute, the Department must apply the cost of living allowance provision of SDCL 62-4-7[1] when calculating a lump sum payment pursuant to SDCL 62-7-6. Neither Ackley nor Employer disputes this point. The parties disagree, however, as to whether the Social Security old-age benefit offset provision described in the second paragraph of SDCL 62-4-7 applies. Because SDCL 62-7-6 does not expressly provide for the consideration of old-age benefits, the Department declined to apply the offset in computing the lump sum payment.

---

1. SDCL 62-4-7 provides:

In case of total disability as defined in subdivision 62-4-6(23), compensation shall be paid at the rate provided by § 62-4-3 for life with an annual increase in the amount of the benefit allowance for each year commencing on the July first that is at least twelve months following the date on which the benefit was first payable equal to one hundred percent of the annual percentage change in the consumer price index for urban wage earners and clerical workers as computed by the United States department of labor for the prior calendar year, not to exceed a three percent increase compounded annually.

For injuries occurring on or after July 1, 1993, if an employee is entitled to compensation under this section and is also receiving old-age insurance benefits under section 202 of the Social Security Act (42 U.S.C., § 402), the compensation payable shall be a sum equal to one hundred fifty percent of the compensation payable under § 62-4-7 less the old-age insurance benefit under § 202 of the Social Security Act (42 U.S.C., § 402). However, benefits payable by the employer may not exceed the amount payable pursuant to § 62-4-7. This section does not apply to any person who is entitled to old-age insurance benefits at the time of the injury.

[¶ 8.] The circuit court reversed the Department's decision because it focused upon the language of SDCL 62–7–6 which states the lump sum payment "shall equal the total sum of the probable future payments." The circuit reasoned that a lump sum payment must equal what Ackley would likely receive in a lifetime disbursement. Thus, because the old-age offset provision in SDCL 62–4–7 would apply to Ackley's lifetime disbursement, the offset must also apply to the lump sum settlement authorized by SDCL 62–7–6.

[¶ 9.] On appeal, this Court must limit its statutory review to the plain language of SDCL 62–7–6. *Engelmann*, 2000 SD 85, ¶ 49, 612 N.W.2d at 611. By its plain language, SDCL 62–7–6 only addresses the cost of living provision of SDCL 62–4–7 and not the old-age offset provision. The circuit court's reliance on additional language in the statute, however, suggests that SDCL 62–7–6 is somewhat ambiguous. Where legislation is ambiguous, the Court may turn to legislative history in order to ascertain the true intent of a statute. *Slama v. Landmann Jungman Hospital*, 2002 SD 151, ¶ 7, 654 N.W.2d 826, 828. After a review of the legislative history, we believe the Legislature did not intend for the old-age offset provision of SDCL 62–4–7 to apply to lump sum calculation pursuant to SDCL 62–7–6.[2]

[¶ 10.] Prior to July 1, 1994, SDCL 62–7–6 contained language directing the Department to consider SDCL 62–4–7 in order to "determin[e] the present value of the permanent total award." Until 1993, SDCL 62–4–7 only contained one paragraph detailing the cost of living increase. On July 1, 1993, the Legislature added the second paragraph to SDCL 62–4–7 which contained the old-age offset provision. One year later, the Legislature amended SDCL 62–7–6 by deleting the general reference to SDCL 62–4–7 and adding specific language directing the Department to solely consider the cost of living increase found in the statute's first paragraph. From this legislative sequence, it appears the Legislature did not intend for the offset provision found in the second paragraph of SDCL 62–4–7 to apply to SDCL 62–7–6. Otherwise, the general reference to SDCL 62–4–7 would have remained.

[¶ 11.] Here, this Court must apply the language of the statute as enacted by the Legislature rather than what "it should have said or might have said." *Slama*, 2002 SD 151, ¶ 7, 654 N.W.2d at 828. SDCL 62–7–6 does not specifically address the old-age offset provision found in SDCL 62–4–7. In addition, legislative history suggests the Legislature did not wish the offset provision to apply to lump sum calculations made pursuant to SDCL 62–7–6. Accordingly, we reverse the judgment of the circuit court and reinstate the decision of the Department declining to consider the old-age offset provision in its calculation of the lump sum available to Ackley under SDCL 62–7–6.

[¶ 12.] Reversed.

[¶ 13.] KONENKAMP, and MEIERHENRY, Justices, concur.

[¶ 14.] AMUNDSON, Retired Justice, concurs in result.

[¶ 15.] SABERS and ZINTER, Justices, deeming themselves disqualified, did not participate.

2. We also note that Ackley, fifty-nine years old at the time of the Department's decision, is not currently eligible to receive old-age benefits. Nor can we be certain that he will ever receive such benefits.

AMUNDSON, Retired Justice (concurring in result).

[¶ 16.] There is no disputing that SDCL 62-4-7, included in the chapter in the code that establishes the amount of compensation for injury, provides for a setoff when an injured employee receives both workers' compensation benefits and social security benefits. There is also no question that the legislature deleted the reference to 62-4-7 from SDCL 62-7-6, which is set forth in the chapter dealing with the claims procedure for a lump sum settlement after the benefits paid monthly have been established under SDCL 62-4-7. Therefore, it leads the Court to its conclusion that there is no setoff when awarding a lump sum payment of the injured employee's attorney's fees. There is no question that by paying these attorney's fees, the injured employee will receive less compensation for his injury in the future. Also, the amount of his workers' compensation benefits could be reduced again in the future by the setoff contained in SDCL 62-4-7.

[¶ 17.] There is settled precedent in this state that a lump sum award is the exception and not the general rule. In *Enger v. FMC*, 2000 SD 48, ¶¶ 11-12, 609 N.W.2d 132, 134-135, this Court stated:

> In regard to this mixed factual and legal issue, it is important to note that the general rule in South Dakota does not favor lump sum awards. As stated by this Court, "the allowance of a lump-sum award is the exception and not the general rule." *Wulff v. Swanson*, 69 S.D. 539, 543, 12 N.W.2d 553, 555 (1944). Larson explains the rationale behind this policy:
>
> > Since compensation is a segment of a total income insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a por-

tion of lost earnings. If a ... disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed.

8 Larson's Worker's Compensation Law, § 82.71 (1999).

Despite this general rule against lump sum awards, Larson points out that the remedy can work in certain circumstances:

> The only solution lies in conscientious administration, with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purpose of the Act will best be served by a lump sum award.

*Id.*

[¶ 18.] Would it not be inequitable to deny a person receiving benefits a lump sum settlement before the setoff in SDCL 62-4-7 is triggered? If it does not apply to determining any partial lump sum payment for attorney's fees, why would it not be an exceptional circumstance or in the best interest of the injured employee to receive a lump sum payment and thereby avoid this setoff. It appears to this member of the Court that the legislature has amended a claims procedure statute that seems to mandate a petition by a permanently injured employee for a lump sum settlement. To do otherwise results in reduced benefits in the future when the offset of SDCL 62-4-7 is applied to his or her monthly benefits. Also, this seems to be in direct opposition to the above general rule.

[¶ 19.] While I concur in result based on the legislature's amendment of SDCL

62–7–6 to remove reference to SDCL 62–4–7, this result is contrary to the intent and purpose of the workers' compensation statutes. This Court has said on numerous occasions that the workers' compensation statutes are to be liberally construed in favor of the injured employee. The purpose of workers' compensation is to provide for employees who have lost their ability to earn because of an employment related accident, casualty, or disease. The holding of this case is inconsistent because by not applying the offset to partial lump sum settlements to pay attorney's fees, the employee ultimately receives less compensation. Therefore, I concur in result.