#23897-rev & rem- JKM

**2007 SD 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

CECIL JOHNSON, Special Administrator
of the Estate of Virginia Johnson,                     Claimant and Appellant,

    v.

POWDER RIVER TRANSPORTATION,               Employer and Appellee,

    and

INDEMNITY INSURANCE COMPANY,               Insurer and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JANINE M. KERN
Judge

\* \* \* \*

JAMES D. LEACH
Rapid City, South Dakota                              Attorney for appellant.

CRAIG A. PFEIFLE of
Lynn, Jackson, Shultz & Lebrun
Rapid City, South Dakota                              Attorneys for appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 24, 2006
REASSIGNED OCTOBER 23, 2006

OPINION FILED **03/07/07**

#23897

MEIERHENRY, Justice (on reassignment).

[¶1.]     This workers' compensation case is before the Court for the second time and involves the calculation of benefits as related to cost-of-living increases and social security old-age benefits. We previously affirmed the Department of Labor's determination that Virginia Johnson was entitled to total permanent disability workers' compensation benefits in *Johnson v. Powder River Transp.*, 2002 SD 23, 640 NW2d 739. Subsequent to the first appeal, Johnson sought and received Department approval of a lump sum award for attorney fees as allowed under SDCL 62-7-6. By statute, the approved partial lump sum payment reduced Johnson's weekly benefit amount. *Id.* When Johnson turned sixty-five and began to receive social security old-age benefits, her weekly benefit amount was reduced further by applying the formula set forth in SDCL 62-4-7. Johnson claims that the Department erred in the way it calculated the offset. We review matters of law de novo. Anderson v. City of Tea, 2006 SD 112, ¶5, 725 NW2d 595, 597.

[¶2.]     By statute, an employee's total disability compensation is recalculated when the employee begins to draw social security old-age benefits. SDCL 62-4-7. The recalculated disability compensation is arrived at by multiplying 150% times the employee's payable compensation minus the amount of the social security old-age benefits. SDCL 62-4-7. The statute provides as follows:

> In case of total disability as defined in subdivision 62-4-6(23), compensation shall be paid at the rate provided by § 62-4-3 for life with an annual increase in the amount of the benefit allowance for each year commencing on the July first that is at least twelve months following the date on which the benefit was first payable equal to one hundred percent of the annual percentage change in the consumer price index for urban wage earners and clerical workers as computed by the United States

-1-

Department of Labor for the prior calendar year, not to exceed a three percent increase compounded annually.

For injuries occurring on or after July 1, 1993, if an employee is entitled to compensation under this section and is also receiving old-age insurance benefits under section 202 of the Social Security Act (42 U.S.C., § 402), the compensation payable shall be a sum equal to one hundred fifty percent of the **compensation payable under § 62-4-7** less the old-age insurance benefit under § 202 of the Social Security Act (42 U.S.C., § 402). However, benefits payable by the employer may not exceed the amount payable pursuant to § 62-4-7. This section does not apply to any person who is entitled to old-age insurance benefits at the time of the injury.

SDCL 62-4-7 (emphasis added).

[¶3.]     The dispute here centers on how to apply the formula to calculate the social security offset.  The parties agree on the amounts involved in the calculation.  Johnson's social security old-age benefit at age sixty-five was $114.32.  Her disability entitled her to a weekly benefit amount of $215.45.  In other words, had Johnson not received a lump sum payment for attorney fees, she would have received a $215.45 weekly benefit at age sixty-five.  Because she had previously opted for the partial lump sum, her entitlement was reduced proportionately by $69.23 leaving her at age sixty-five with a reduced weekly benefit amount of $146.22.

[¶4.]     The Department's calculation of the formula used the reduced  benefit amount of $146.22 multiplied by 150% less social security of $114.32 for a net benefit of $105.01 ($146.22 X 150% - $114.32 = $105.01).  Johnson claims that the formula should use her unreduced benefit amount of $215.45 multiplied by 150% less social security of $114.32 less the lump sum ratio reduction of $69.23 for a net benefit of $139.63 ($215.45 X 150% - $114.32 -$69.23 = $139.63).

[¶5.]	In order to resolve this issue, we look at the language of the statute. The statute sets forth the compensation formula for the social security old-age offset as follows: "the compensation payable shall be a sum equal to one hundred fifty percent of the ***compensation payable under § 62-4-7*** less the old-age insurance benefit under § 202 of the Social Security Act (42 U.S.C. § 402)." SDCL 62-4-7 (emphasis added). Specifically, we have to determine what is meant by the phrase "compensation payable under § 62-4-7." Does it mean compensation payable after deducting the lump sum to pay attorney fees, as the Department has interpreted it, or does it mean compensation payable before deducting the lump sum, as Johnson urges?

[¶6.]	The language of SDCL 62-4-7 supports Johnson's interpretation. The statute directs that benefits are calculated on "compensation payable under § 62-4-7." "Compensation payable under § 62-4-7" is defined as "compensation . . . at the rate provided by § 62-4-3." SDCL 62-4-7. The rate provided in section 62-4-3 is "[t]he amount of [ ] total disability compensation paid to an employee for an injury. . . ." Notably, the rate in section 62-4-3 does not include reductions for partial lump sum payments. Reductions for partial lump sum payments appear in SDCL 62-7-6. Consequently, Johnson's compensation "at the rate provided in § 62-4-3" is an unreduced weekly benefit amount of $215.45. To arrive at a different conclusion would require reading words into the statute that are not there. That is not the role of the judiciary.

[¶7.]	We dealt with a similar issue in *Ft. Pierre Quality Const., Inc. v. Ackley*, 2004 SD 38, ¶11, 677 NW2d 593, 596. The question in *Ackley* involved

whether the social security old-age benefit offset applied to lump sum calculations in SDCL 62-7-6. *Id.* ¶3. We determined it did not because of the language of the statute and the legislative history. *Id.* ¶11. First, we noted that the plain language of the statute made no reference to the social security old-age offset provision. *Id.* ¶9. Additionally, recognizing some ambiguity, we examined the law's legislative history and determined that legislative amendments deleted a general reference to SDCL 62-4-7 but "add[ed] specific language directing the Department to solely consider the cost-of-living increase found in the statute's first paragraph." *Id.* ¶¶10-11. Since the law only declared that a cost-of-living increase applied to "the remaining weekly benefit" after the lump sum reduction, we concluded the Legislature did not intend to include old-age benefits in the lump sum calculation. *Id.* ¶11.

[¶8.] Like the situation in *Ackley,* SDCL 62-4-7 does not specifically indicate that the compensation against which social security is offset means compensation reduced by partial lump sum payments. However, here there is no ambiguity and we need not look beyond the language of the statutes. Thus, we hold that pursuant to the language of the statutes, the social security old-age offset is calculated on the full benefits available for total disability.

[¶9.] We reverse the holding of the Department and circuit court and remand for a recalculation of benefits consistent with this opinion.

[¶10.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶11.] MYREN, Circuit Judge, dissents without a writing.

#23897

[¶12.]	MYREN, Circuit Judge, sitting for SABERS, Justice, disqualified.