WILBUR, Justice
(concurring in part and dissenting in part).
[¶ 29.] I agree with the majority opinion’s conclusion that appellate review of the facts is limited in this case; however, I part company with the majority opinion’s conclusion that Nekolite was not in actual physical control of his vehicle.
[¶ 30.] The majority opinion relies on the definition of actual physical control found in South Dakota Criminal Pattern Jury Instruction 3-10-10. I agree with the majority opinion that “pattern jury instructions are not law, are not authoritative, and are not binding on this Court[.]” However, I disagree that this Court should rely solely upon the pattern jury instruction to control the analysis of this case and, effectively, add elements to SDCL 32-23-1. By accepting the parties’ agreement that the pattern jury instruction controls the analysis of the facts in this case, this Court would effectively give the pattern jury instruction the force of law when the Legislature has not adopted the language of the instruction. The words of SDCL 32-23-1 “must be given their plain meaning and effect.” See Slama v. Landmann Jungman Hosp., 2002 S.D. 151, ¶ 5, 654 N.W.2d 826, 827 (citations omitted). The Legislature has clearly provided that “No person may ... be in actual physical control of any vehicle while” under the influence of alcohol. SDCL 32-23-1. If the Legislature wanted to add the language of the pattern jury instruction to SDCL 32-23-1, then it could have easily done so. And it has had several opportunities to do so in light of our prior cases. Yet, the Legislature has not expressly done so. While the pattern jury instruction may have “been carefully drafted to reflect the law,” it is not the law.
[¶ 31.] Furthermore, North Dakota case law, cited with approval by the majority opinion, establishes that we should construe our actual physical control statute broadly: “We have long construed the actual physical control statute to broadly prohibit any exercise of dominion or control over a vehicle by an intoxicated person.” City of Fargo v. Theusch, 462 N.W.2d 162, 163-64 (N.D.1990) (emphasis added). Interpreting our statute broadly and applying it to the facts of this case, Nekolite’s control of the gear shift constitutes actual physical control of the vehicle. Nekolite’s manipulation of the gear shift caused a vehicle to move even though he was not seated in the driver’s seat. While our prior cases on actual physical control happen to involve defendants who were located in or near the driver’s seat, it should not matter where a defendant is located so long as his actions control the vehicle.
[¶ 32.] However, even if I were to accept the majority opinion’s use and application of the pattern jury instruction to the facts of this case, I would disagree with the outcome. Here, under the third factor of the majority opinion’s analysis, Nekolite did have such control as would “enable [him] to actually operate the vehicle in the usual and ordinary manner.” The trial court found that “the vehicle was being manipulated by Mr. Nekolite in that he admitted he reached in, struck the gear shift mechanism[,]” which then caused the vehicle to move and damage another vehicle. The usual and ordinary manner of operating a vehicle requires the manipu *924 lation of a gear shift mechanism to cause the vehicle to move. And the movement of the gear shift in this case is control that would enable and did enable Nekolite to “actually operate the vehicle in the usual and ordinary manner.”
[¶ 33.] Moreover, Nekolite was in position to control the gear shift in the ordinary and usual manner. Nekolite was leaning over the passenger seat of the vehicle to reach his cigarettes on the driver’s side floor by the pedals when he bumped the gear shift into neutral. The trial court did not make a specific finding that Nekolite was “standing outside the vehicle” when he struck the gear shift mechanism. See supra Majority Opinion ¶ 24. The fact is that even if Nekolite were “standing outside the vehicle,” he still had sufficient control which enabled him to operate the vehicle in the usual and ordinary manner.
[¶ 34.] “The purpose of the ‘actual physical control’ [prohibition] is a preventative measure.” Theusch, 462 N.W.2d at 163. As a preventative measure, the actual physical control offense protects the safety and welfare of the public. See supra Majority Opinion ¶ 22. Because public safety and welfare is our concern, we have held in previous cases that an intoxicated person who is asleep or slumped over in the driver’s seat is in actual physical control because he or she could easily awaken and operate the vehicle. It makes no sense to say being intoxicated and sleeping in the driver’s seat of a vehicle is actual physical control, but being intoxicated and manipulating the gears so the vehicle moves and actually causes property damage is not.
[¶ 35.] In summation, I would rely on a plain reading of the language of SDCL 32-23-1 and not interpret actual physical control so narrowly as to always require that a defendant be seated in the vehicle. In this case, Nekolite’s actions and control caused the vehicle to move resulting in damage to the property of another person — clearly threatening the safety and welfare of the public. I would affirm the trial court’s ruling that Nekolite was in actual physical control of his vehicle.
[¶ 36.] SEVERSON, Justice, joins this special writing.