2000 SD 48

**Juanita ENGER, Claimant
and Appellee,**

v.

**FMC, Employer and Appellant,**

and

**National Union Fire Insurance
Company, Insurer and
Appellant.**

**Nos. 20976, 20977.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1999.

Decided April 12, 2000.

Rehearing Denied May 16, 2000.

Drew C. Johnson of Johnson Law Office, Aberdeen, South Dakota, for claimant and appellee.

Mark J. Welter of Woods, Fuller, Shultz & Smith, Sioux Falls, for employer, insurer and appellants.

WILBUR, Circuit Judge.

[¶ 1.] FMC and its worker's compensation insurer, National Union Fire Insurance Company, appeal the circuit court's determination that Juanita Enger (Enger) is entitled to a partial lump sum payment of benefits for attorney fees. Enger appeals the circuit court's determination denying her request for total lump sum benefits and other benefits. We affirm.

## FACTS

[¶ 2.] Enger began employment with FMC in November 1988 as a shop technician. FMC, a defense contractor, builds missile canisters for the federal government. In late 1991 and early 1992, Enger started experiencing pain in both hands and sought medical treatment. She was diagnosed with bilateral carpal tunnel syndrome in January 1993 and underwent two surgeries the following month to help relieve the problem. She went back to work at the beginning of April 1993, and was diagnosed with ulnar nerve palsy in her left elbow approximately three weeks later. She underwent surgery for that condition in May 1993.

[¶ 3.] Enger was laid off work at FMC in December 1993 due to economic reasons. Also in December, Dr. Hoversten gave Enger an impairment rating for permanent partial disability. During 1994, En-

ger attended college, worked at Wal–Mart for three weeks, then worked at Super 8 for three months. She was taken off work indefinitely by Dr. Holte on December 14, 1994.

[¶ 4.] On April 3, 1996, the Department of Labor (Department) determined that Enger was permanently totally disabled. The circuit court upheld the Department's decision and this Court affirmed on appeal. *Enger v. FMC*, 1997 SD 70, 565 N.W.2d 79. Thereafter, Enger filed a petition with the Department seeking (1) total lump sum payment of benefits, (2) partial lump sum payment for attorney fees, and (3) a correction of the amount of unpaid benefits owed by FMC. After a hearing in October 1997, the Department ruled against Enger on all issues in a decision dated August 19, 1998.

[¶ 5.] The circuit court affirmed the denial of total lump sum benefits and unpaid benefits, but reversed the denial of a partial lump sum payment of attorney fees and remanded for the Department to make findings consistent with its decision on the partial lump sum issue. FMC and its insurer appeal the partial lump sum issue, and Enger, by notice of review, appeals the total lump sum benefits and unpaid benefit issues.

## STANDARD OF REVIEW

[1, 2] [¶ 6.] This case involves questions of fact, questions of law, and mixed questions of law and fact. Questions of fact are subject to clearly erroneous review. A decision is clearly erroneous if, after reviewing the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶ 6, 575 N.W.2d 225, 228.

1. Normally, the decision to apply the date-of-injury version of a worker's compensation statute would not be a concern on appeal. However, regarding SDCL 62–7–6, this Court has quoted the *July 1, 1993 version* of SDCL 62–7–6 in two cases involving injuries that occurred *prior to July 1, 1993. See Thomas,*

 [¶ 7.] Questions of law and mixed questions of law and fact, on the other hand, are subject to different standards. Questions of law are subject to de novo review; no deference is given to an agency's conclusions of law. *Thomas v. Custer State Hospital*, 511 N.W.2d 576, 579 (S.D. 1994). When the issue involves a question of mixed law and fact requiring the application of a legal standard, the Court will treat the issue as a question of law subject to de novo review. *Permann v. Dep't of Labor*, 411 N.W.2d 113, 119 (S.D.1987).

## ANALYSIS AND DECISION

[¶ 8.] **1. Whether a total lump sum payment of benefits is in Enger's best interests under SDCL 62–7–6.**

[¶ 9.] Generally, for any worker's compensation claim, the law in effect at the time of the injury controls. Therefore, the law in effect in January 1993 is relied upon in this case.[1] The version of SDCL 62–7–6 that was in effect in January 1993 and that applies to Enger's claim was enacted in 1983. *See* ¶ 21, *infra.* That statute requires a determination be made that a lump sum payment is in a claimant's "best interests."

 [¶ 10.] The circuit court affirmed the Department's determination that a total lump sum payment of benefits was not in Enger's "best interests" under SDCL 62–7–6. Enger's appeal of this determination involves a mixed question of law and fact. Since this issue is a mixed law-fact question and requires us to apply the "best interests" standard, we will treat the issue as a question of law and freely review the issue.

[¶ 11.] In regard to this mixed factual and legal issue, it is important to note that

511 N.W.2d 576; *Stanton v. Hills Materials Co.*, 1996 SD 109, 553 N.W.2d 793. The issue of which version of SDCL 62–7–6 applied in those cases was not briefed or presented to the court. Therefore, *Thomas* and *Stanton* provide no guidance in this case as to which version of the statute applies.

the general rule in South Dakota does not favor lump sum awards. As stated by this Court, "the allowance of a lump-sum award is the exception and not the general rule." *Wulff v. Swanson*, 69 S.D. 539, 543, 12 N.W.2d 553, 555 (1944). *Larson* explains the rationale behind this policy:

> Since compensation is a segment of a total income insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a ... totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed.

8 *Larson's Worker's Compensation Law,* § 82.71 (1999).

[¶ 12.] Despite this general rule against lump sum awards, *Larson* points out that the remedy can work in certain circumstances:

> The only solution lies in conscientious administration, with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purpose of the Act will best be served by a lump sum award.

*Id.*[2]

[¶ 13.] Under the 1983 version of SDCL 62-7-6, the South Dakota legislature restricted lump sum awards to those situations in which it is in the claimant's "best interests." This Court has identified four factors for defining these "best interests:"

1. Age, education, mental and physical condition, and actual life expectancy.

2. Family circumstances, living arrangements, and responsibilities to dependents.

3. Financial condition, including all sources of income, debts and living expenses.

4. Reasonableness of plan for investing the lump sum proceeds and ability to manage invested funds or arrangement for management by others.

*Thomas*, 511 N.W.2d at 580. Evidence regarding these factors was presented at the administrative hearing. Upon application of these factors to the facts established at the administrative hearing, we hold that neither the Department nor the circuit court erred, as a matter of law, in concluding that a lump sum was not in Enger's best interests.

[¶ 14.] The most troubling aspect of Enger's financial plan, as recognized by the Department, is that it sees only to her immediate needs or to improving her short-term standard of living. Once this money is spent, claimant will only have a minimal amount left to either invest or spend on living expenses. Enger proffered no evidence relating to annuities or other investment vehicles which would guarantee her a future stream of income for life, and it is highly doubtful she could live on her social security disability benefits of $592 per month should her husband's income abruptly end. In addition, while it may be true that buying a home will theoretically provide $6,000 in annual *savings* to Enger, this is not a steady stream of *income* as envisioned by the worker's compensation law. It seems that in order to profit from her investment should the need arise, Enger would have to put her property on the market, and as FMC points out, she presented no evi-

---

2. Larson also points out that "[e]nough experience has been gained by now to prove that a broad statutory requirement such as ... the best interest of the worker is no guarantee against abuse of the practice." 8 *Larson's* at § 82.71. He further states that lump sums should be allowed only when they would be in the best interests to rehabilitate the worker. *Id.* However, until such time as the legislature revises the best interests standard, we are bound to apply that standard.

dence of how her property might fare on that market. Therefore, the conclusion that Enger's lump sum plan was not in her best interests is affirmed.

**[¶ 15.] 2. Whether Enger is entitled to additional permanent partial disability payments plus interest from January 1, 1994 to December 14, 1994.**

▬ [¶ 16.] There is no indication that Enger raised the issue of permanent partial disability benefits before the Department at either hearing in this matter. The Department's findings and decision after the October 1997 hearing specifically addressed temporary total disability payments, but never specifically mentioned permanent partial disability issues. Although the civil rules of procedure are not applicable, the need to present an issue to the decision-maker is inherent in administrative proceedings. Given the absence of any proposed findings of fact or conclusions of law by Enger relating to the alleged permanent partial disability payments, Enger waived this argument. *See* SDCL 15-6-52(a).

**[¶ 17.] 3. Whether the partial lump sum payment of attorney fees was authorized under SDCL 62-7-6.**

▬ [¶ 18.] This issue, raised by FMC, concerns the Department's authority to order a partial lump sum payment for attorney fees under the 1983 version of SDCL 62-7-6. The Department determined that it lacked such authority under the 1983 version of the statute. The circuit court reversed, holding that a partial lump sum for attorney fees was allowable under either the 1983 or the 1993 version of SDCL 62-7-6. Because this is a legal question, this Court uses de novo review.

[¶ 19.] The question is whether the legislature intended the 1983 amendment to 62-7-6 to prohibit partial lump sum payments for attorney fees.[3] The circuit court

relied on *Thomas* to authorize partial lump sum payments under the 1983 version. It reasoned that even if this Court erred in quoting the July 1, 1993 version for a pre-July 1, 1993 injury in *Thomas,* our affirmance of a lump sum award which included attorney fees indicated that partial lump sums were authorized under the 1983 version.

[¶ 20.] However, as with the total lump sum issue, there is no indication that the parties briefed or argued the application of the 1993 version of the statute to the partial lump sum issue in *Thomas.* The only clear issue in that case was whether the portion of the lump sum award sought for a trip to Korea was in Thomas' best interests.

[¶ 21.] Therefore, the partial lump sum issue turns on amendments to SDCL 62-7-6. In 1978, the statute began as follows, "[a]n employer or employee who desires to have compensation, *or any unpaid part thereof,* paid in a lump sum may petition the Department." SL 1978 ch. 370, § 18 (emphasis added). In 1983, as part of a comprehensive revision of all statutes containing a reference to statutory interest rates, SDCL 62-7-6 was amended. The 1983 amendment removed the reference to a specific interest rate that was to be used to calculate an equivalent lump sum amount. As part of that 1983 revision, the language "or any unpaid part thereof" was removed, and replaced by the words "any unpaid" preceding "compensation." SL 1983 ch. 28, § 68. Thus, the 1983 version of 62-7-6 provided:

> An employer or employee who desires to have *any unpaid* compensation paid in a lump sum may petition the department of labor asking that the compensation be paid in that manner. If, upon proper notice to interested parties and proper showing before the department, it appears in the best interests of the employee that the compensation be paid in

---

3. The parties to this action concede that under either the 1978 or 1993 version of SDCL

62-7-6 the Department may authorize a partial lump sum payment for attorney fees.

lump sum, the secretary of labor may order the commutation of the compensation to an equivalent lump-sum amount. That amount shall equal the total sum of the probable future payments capitalized at their present value on the basis of interest calculated at a rate per year set by department rule or regulation with annual rests. In cases where there is complete disability, no petition for commutation to lump-sum basis may be entertained by the department until six months after the date of injury. Any compensation due to beneficiaries under §§ 62–4–12 to 62–4–22, inclusive, may not be paid in a lump sum except for the remarriage lump sum provided in § 62–4–12.

SL 1983 ch. 28, § 68 (emphasis added).

[¶ 22.] "[W]hen the language of a statute is clear, certain and unambiguous there is no need of statutory construction and the only function of the court is to declare the meaning of the statute as expressed." *Ellis v. City of Yankton*, 526 N.W.2d 124, 126 (S.D.1995). According to this rule, it is clear that when the legislature amended SDCL 62–7–6 in 1983, it did not intend to modify, revise or alter anything other than the reference to the interest rate to be utilized in determining the present value of benefits for the purpose of establishing a lump sum benefit. The other changes made to the statute at that time were no more than style and form changes.

[¶ 23.] The 1983 version of SDCL 62–7–6 clearly contemplates that some or all compensation may be paid in a lump sum payment. By substituting "any unpaid" for "or any unpaid part thereof," the legislature made no substantial change regarding the practice of allowing a partial lump sum payment for attorney fees if it is established that such a payment is in a claimant's best interests. We affirm the circuit court's decision and hold that a partial lump sum payment for attorney fees is allowed under the 1983 version of SDCL 62–7–6.

[¶ 24.] **4. Whether the circuit court was in a position to hold that a partial lump sum payment for attorney fees was in Enger's best interests.**

[¶ 25.] FMC claims this Court must remand on whether the partial lump sum was in Enger's best interests because the circuit court erred in entering findings that a partial lump sum payment for attorney fees was in Enger's best interests. As stated above, the Department held it did not have statutory authority to award a partial lump sum. Nevertheless, the circuit court entered findings and conclusions that a partial lump sum for attorney fees was in Enger's "best interest" and is a "just and due debt."

[¶ 26.] FMC argues the circuit court was without authority to enter findings of fact on an issue not decided by the Department. That argument assumes this is an issue of fact rather than one involving a mixed law-fact question. The outcome of this issue depends upon the determination of Enger's best interests. There is no factual dispute about Enger's financial circumstances. There is a dispute between the parties about the application of the legal standard to the undisputed facts.

[¶ 27.] Again, as with the total lump sum issue, this issue presents a mixed question of law and fact which requires application of the legal standard of best interests to established facts. Because this is primarily a legal question, this Court reviews the matter de novo.

[¶ 28.] Unlike the total lump sum issue, there is no dispute that Enger's financial circumstances warrant a partial lump sum payment for attorney fees. The evidence presented at the hearing clearly indicates that Enger has no way to pay her attorney fees without a partial lump sum payment.

[¶ 29.] There are clear differences between Enger's plan for a total lump sum and a partial lump sum. The purpose of the Act is to provide a steady stream of reliable income, and Enger's plan for a total lump sum payment, as

noted above, does not serve this purpose. However, the purpose of a partial lump sum for attorney fees is to assure that claimants will be able to employ competent legal representation to secure all compensation to which they are legally entitled. This purpose is certainly advanced by allowing claimants such as Enger, who are financially unable to pay their attorney fees, to pay this debt in a lump sum. The Department entered extensive findings of fact regarding Enger's financial situation. The circuit court, relying on those findings, concluded as a matter of law that a partial lump sum payment for attorney fees was in Enger's best interests. Though we are not bound by its decision, we agree with the circuit court's determination that, as a matter of law, based on the Department's findings, a partial lump sum payment for attorney fees is in Enger's best interests.

[¶ 30.] We affirm the circuit court's decision.

[¶ 31.] MILLER, Chief Justice, AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 32.] WILBUR, Circuit Judge, for SABERS, Justice, disqualified.