#24680-a-RIEPEL, Circuit Judge
**2008 SD 87**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LEWIS F. STEINMETZ,                     Appellant,

    v.

STATE OF SOUTH DAKOTA, DOC
STAR ACADEMY,

    and

STATE OF SOUTH DAKOTA,
BUREAU OF PERSONNEL,                    Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JAMES W. ANDERSON
Judge

* * * *

Wm. JASON GROVES of
Groves Law Office
Rapid City, South Dakota          Attorney for appellant.

TIMOTHY ENGEL of
May, Adam, Gerdes & Thompson, LLP
Pierre, South Dakota              Attorneys for appellees.

* * * *

ARGUED
APRIL 24, 2008

OPINION FILED **9/3/08**

#24680

RIEPEL, Circuit Judge

[¶1.]        Lewis Steinmetz (Steinmetz) appeals an order of the circuit court affirming the decision of the South Dakota Department of Labor, Division of Labor and Management (Department) refusing to award workers' compensation benefits on a lump sum basis and rejecting his proposed method of calculating the present value of his benefits.  We affirm.

## FACTS AND PROCEDURE

[¶2.]        Steinmetz was injured while employed by the South Dakota Department of Corrections (Employer).  Steinmetz filed a petition for permanent total disability benefits and requested a lump sum award pursuant to SDCL 62-7-6.  Steinmetz and Employer entered into a stipulation in which Employer admitted that Steinmetz was permanently and totally disabled pursuant to SDCL 62-4-7 as a result of his work-related injury.  Employer also agreed that Steinmetz was entitled to the payment of his attorney's fees and costs in a lump sum.  The stipulation provided that Steinmetz's right to request a lump sum pursuant to SDCL 62-7-6 was not impaired by the stipulation.

[¶3.]        Pursuant to ARSD 47:03:01:07, the Department calculated the present value of Steinmetz's future benefits as $269,897.91.  Steinmetz employed the services of Dr. Ralph Brown (Dr. Brown) and Donald Frankenfeld (Frankenfeld) to opine as to the present value of his future workers' compensation benefits.  Both Dr. Brown and Frankenfeld calculated the equivalent lump sum amount in an amount significantly in excess of the Department's calculation.[1]

---

1.    Dr. Brown calculated the present value as $364,120.21.  Frankenfeld calculated the present value as $359,880.

[¶4.]        The parties agreed to submit the case to the Department on stipulated facts.  Steinmetz proffered Dr. Brown's and Frankenfeld's calculations along with a report from Don Herrmann (Herrmann) proposing structured settlement investments for Steinmetz's life, 10 years certain plus life, and 20 years certain plus life.  The parties also stipulated to the admission of a report which concluded that if Steinmetz was awarded a lump sum in the amounts calculated by Dr. Brown or Frankenfeld, and if that lump sum, after payment of attorney's fees and costs, was invested as proposed by Herrmann, there would be no offset of Social Security Disability benefits.

[¶5.]        The Department denied Steinmetz's motion for a lump sum award of workers' compensation benefits and rejected Steinmetz's method of calculating the present value of his benefits.  The Department concluded that the method of calculation set forth in ARSD 47:03:01:07 was valid.  Steinmetz appealed to the circuit court.  The circuit court affirmed the Department's decision.  Steinmetz appeals.

## STANDARD OF REVIEW

[¶6.]        This case presents questions of fact, questions of law, and mixed questions of law and fact.  "Questions of fact are subject to clearly erroneous review."  Enger v. FMC, 2000 SD 48, ¶6, 609 NW2d 132, 134.  "A decision is clearly erroneous if, after reviewing the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made."  *Id.* (citing Sopko v. C & R Transfer Co., Inc., 1998 SD 8, ¶6, 575 NW2d 225, 228).  "Questions of law and mixed questions of law and fact, on the other hand, are subject to different standards."  *Id.* ¶7, 609 NW2d at 134.  "Questions of law are subject to de novo

review; no deference is given to an agency's conclusions of law." *Id.* (citing Thomas

v. Custer State Hospital, 511 NW2d 576, 579 (SD 1994)). "When the issue involves

a question of mixed law and fact requiring the application of a legal standard, the

Court will treat the issue as a question of law subject to de novo review." *Id.* (citing

Permann v. Dep't of Labor, 411 NW2d 113, 119 (SD 1987)). The determination of

whether a lump sum award of benefits should be granted under SDCL 62-7-6 is a

mixed question of law and fact and is freely reviewable on appeal. *Id.* ¶10, 609

NW2d at 134.

## ANALYSIS

## ISSUE ONE

[¶7.]        **Whether the Department erred in denying Steinmetz's request for a total lump sum payment of benefits.**

[¶8.]        "The allowance of a lump-sum award is the exception and not the

general rule." *Id.* ¶11, 609 NW2d at 135 (quoting Wulff v. Swanson, 69 SD 539,

543, 12 NW2d 553, 555 (1944)). The rationale behind this policy has been explained

in prior cases:

> Since compensation is a segment of a total income
> insurance system, it ordinarily does its share of the job
> only if it can be depended on to supply periodic income
> benefits replacing a portion of lost earnings. If a . . .
> totally disabled worker gives up these reliable periodic
> payments in exchange for a large sum of cash
> immediately in hand, experience has shown that in many
> cases the lump sum is soon dissipated and the workman
> is right back where he would have been if workmen's
> compensation had never existed.

*Id.* ¶11, 609 NW2d 135 (quoting 8 Larson's Workers' Compensation Law, §82.71

(1999)).

[¶9.]     "The beginning point of any consideration of the justifiability of lump-summing in a particular case is the standard set by the statute."  8 Larson's Workers' Compensation Law, §132.07[2][a] (2007).  SDCL 62-7-6 allows lump sum awards under certain circumstances.  It provides:

> *An employer or employee who desires to have any unpaid compensation paid in a lump sum may petition the Department of Labor asking that the compensation be paid in that manner. If, upon proper notice to interested parties and proper showing before the department, it appears in the best interests of the employee that the compensation be paid in lump sum, the secretary of labor may order the commutation of the compensation to an equivalent lump-sum amount.* That amount shall equal the total sum of the probable future payments capitalized at their present value on the basis of interest calculated at a rate per year set by the department with annual rests in accordance with rules promulgated pursuant to chapter 1-26. *If there is an admission or adjudication of permanent total disability, the secretary may order payment of all or part of the unpaid compensation in a lump sum under the following circumstances:*
>
> > *(1)     If the employee has exceptional financial need that arose as a result of reduced income due to the injury; or*
> > *(2)     If necessary to pay the attorney's fees, costs and expenses approved by the department under § 62-7-36.*
>
> If a partial lump sum payment is made, the amount of the weekly benefit shall be reduced by the same percentage that the partial lump sum bears to the total lump sum computation. The remaining weekly benefit is subject to the cost of living allowance provided by § 62-4-7. Any compensation due to beneficiaries under § 62-4-12 to 62-4-22, inclusive, may not be paid in a lump sum, except for the remarriage lump sum provided in § 62-4-12.

SDCL 62-7-6 (emphasis added).

[¶10.]     "Our statute authorizing a lump-sum payment clearly sets out the circumstances under which such a payment can be made."  *Thomas*, 511 NW2d at

580. "First, it must be in the 'best interests of the employee.'" *Id.* "Our prior decisions confirm that the primary emphasis must be placed on providing an injured worker with a reliable stream of income to replace lost wages and benefits." *Id.* *See also* Caldwell v. John Morrell & Co., 489 NW2d 353 (SD 1992); *Wulff*, 69 SD 539, 12 NW2d at 553. "Second, in the case of a worker who has been permanently and totally disabled . . . a lump sum may be ordered if the worker has an 'exceptional financial need that arose as a result of reduced income due to the injury.'" *Thomas,* 511 NW2d at 580 (quoting SDCL 62-7-6(1)). "Third, a lump sum may be ordered, in the case of a permanent total disability, when necessary to pay the attorney's fees, costs and expenses." *Id.* (citing SDCL 62-7-6(2); SDCL 62-7-36). The Department found that Steinmetz established that a lump sum award would be in his best interest. However, Steinmetz failed to establish that he had "exceptional financial need that arose as a result of reduced income due to the injury."

[¶11.]        Prior to 1993 the South Dakota Legislature restricted lump sum awards to those situations in which it was in the claimant's "best interests."[2] "This Court has identified four factors for defining these 'best interests:'

---

2.        SDCL 62-7-6 (1992) provided:

> An employer or employee who desires to have any unpaid compensation paid in a lump sum may petition the department of labor asking that the compensation be paid in that manner. If, upon proper notice to interested parties and proper showing before the department, it appears in the best interests of the employee that the compensation be paid in lump sum, the secretary of labor may order the commutation of the compensation to an equivalent lump-sum amount. That amount shall equal the total sum of the probable future payments capitalized at their present value on the basis of interest calculated at a rate per year set by department rule or regulation

    1.       Age, education, mental and physical condition, and actual life expectancy.

    2.       Family circumstances, living arrangements, and responsibilities to dependents.

    3.       Financial condition, including all sources of income, debts and living expenses.

    4.       Reasonableness of plan for investing the lump sum proceeds and ability to manage invested funds or arrangement for management by others."

*Enger,* 2000 SD 48, ¶13, 609 NW2d at 135 (quoting *Thomas,* 511 NW2d at 580).

However, the legislature amended SDCL 62-7-6 in 1993. 1993 SD Laws ch 379, §4. The restriction on filing a petition for a lump sum payment in "complete disability" cases during the first six months following injury was replaced with the current language which provides that in cases of permanent total disability a lump sum may be ordered upon a showing by claimant of "exceptional financial need that arose as a result of reduced income due to the injury" or to pay attorney fees. SDCL 62-7-6.

[¶12.] "'The first and most important rule of statutory construction is to determine and give effect to the intention of the legislature.'" Nelson v. School Bd. of Hill City School Dist. No. 51-2 of Pennington County, 459 NW2d 451, 454 (SD 1990) (quoting Watertown Independent School Dist. No. 1 v. Thyen, 83 SD 309, 314,

---

with annual rests. In cases where there is complete disability, no petition for commutation to a lump-sum basis may be entertained by the department until six months after the date of the injury. Any compensation due to beneficiaries under §§ 62-4-12 to 62-4-22, inclusive, may not be paid in a lump sum, except for the remarriage lump sum provided in § 62-4-12.

159 NW2d 122, 125 (1968)). "'The law must be so construed as to give effect to all of its provisions, if possible.'" *Id.* at 455 (quoting Beitelspacher v. Winther, 447 NW2d 347, 351 (SD 1989)). This Court must apply the language of SDCL 62-7-6 as enacted by the legislature. By amending the statute in 1993 the legislature has required that in cases involving permanent total disability a claimant must show not only that a lump sum award is in the claimant's best interest, but that either the claimant has "exceptional financial need that arose as a result of reduced income due to the injury" or that a lump sum award is necessary to pay attorney's fees, costs and expenses. The parties agreed to allow the payment of attorney's fees in a lump sum so that is not in issue. While Steinmetz may have shown that a lump sum award would be in his best interests based on his investment proposals, a showing of "exceptional financial need" caused by his injury is required by SDCL 62-7-6 before a lump sum may be awarded. The parties agreed to submit this case to the Department on stipulated facts. As discussed above, Steinmetz submitted his experts' reports calculating the present value of a lump sum award, Herrmann's proposed structured settlement investments and a report showing that there would be no offset of Social Security Disability benefits if he were awarded a lump sum based on his experts' calculations. In reviewing the record, Steinmetz offered no evidence of "exceptional financial need."[3] The order of the circuit court is affirmed

---

3.      SDCL 62-7-6 requires that the injured worker show "exceptional financial need *that arose as a result of reduced income due to the injury*[.]" (emphasis added). At oral arguments, Steinmetz's counsel argued that exceptional financial need was shown in this case by the mere fact that Steinmetz's income is reduced following his permanent and total disability. In every case of permanent and total disability the injured employee suffers a reduction in income due to his or her injury. Reduced income alone is not enough to show "exceptional financial need."

as to this issue.

## ISSUE TWO

[¶13.] **Whether ARSD 47:03:01:07 produces an equivalent lump sum amount as required by SDCL 62-7-6.**

[¶14.] Steinmetz asserts that the formula used by the Department to calculate the present value of a lump sum award does not produce an equivalent lump sum amount as required by SDCL 62-7-6. The core of Steinmetz's argument is that the one percent cap on cost-of-living-adjustments (COLAs) for a lump-sum award produces an award which is not "equivalent" to that which would be received under periodic payments, as mandated by SDCL 62-7-6. Steinmetz argues that the Department exceeded the statutory authority granted to it by SDCL 62-7-6 when it promulgated ARSD 47:03:01:07. [4] Alternatively, he argues that SDCL 62-7-6 is

---

4. ARSD 47:03:01:07 provides:

Lump sum commutation for permanent partial disability shall equal the sum of the probable future payments capitalized at their present value on the basis of interest calculated at the rate of ten-year treasury notes on the date of injury as determined by the records of the federal reserve library, rounded to the nearest one-fourth of one percent, using the following formula:

$$P_n = \frac{V^{1/52} - V^{n/52}}{1 - V^{1/52}}$$

where

P = Present value of $1.00 a week payable for n weeks

V = Present value of $1.00 due at the end of the year

n = Number of weeks for which payments are to be made

unconstitutional because the delegation of authority contained in the statute is unlimited or without sufficient standards.

[¶15.]        Employer argues that if this Court affirms the Department's refusal to award Steinmetz's benefits in a lump sum, it is not necessary to reach this issue. We agree.  If Steinmetz's benefits are not paid in a lump sum there is no need from Steinmetz's perspective to determine the present value of those benefits.  However, Steinmetz's counsel asserts that the parties entered into a stipulation regarding attorney's fees which preserved counsel's interest in the calculation of the lump sum value.  The stipulation regarding attorney fees agrees to the payment of Steinmetz's attorney's fees, tax and costs based upon the Department's calculation of present value under the challenged administrative rule.  It provides that "[t]his payment will not impair or limit *Claimant's* rights under [Claimant's Motion for Lump Sum]."  (emphasis added).  The stipulation preserves Steinmetz's right to pursue a lump sum award, but does not provide that his counsel has an interest in pursuing the motion independent of Steinmetz.  It merely states that if Steinmetz is successful in his motion the payment made to his counsel "shall serve as a credit

---

Lump sum commutation for permanent total disability shall be calculated in the same manner except that the interest rate shall be reduced one percent as a setoff for the cost-of-living allowance provided by SDCL 62-4-7. The number of weeks for which payments are made shall be determined by the life expectancy tables found in Appendix A at the end of this chapter. The interest rate used, exclusive of the cost-of-living allowance setoff, may not vary more than two percent above or below the interest rate on ten-year treasury notes on March 4, 1992, as determined from the records of the federal reserve library.

should a greater lump sum value be determined." The stipulation does not give Steinmetz's counsel a justifiable interest independent of his client.

[¶16.]     Steinmetz's counsel also asserts that an injured worker's counsel has an interest in determining the present value of his client's benefits for the purpose of calculating attorney's fees. Counsel for Steinmetz fails to cite any authority in support of this claim. The failure to cite authority is a violation of SDCL 15-26A-60(6).

[¶17.]     The issue of whether ARSD 47:03:01:07 produces an equivalent lump sum amount as required by SDCL 62-7-6 is not ripe for review and this Court declines to address it. "Ripeness involves the timing of judicial review and the principle that '[j]udicial machinery should be conserved for problems which are real and present or imminent, not squandered on problems which are abstract or hypothetical or remote.'" Meinders v. Weber, 2000 SD 2, ¶39, 604 NW2d 248, 263 (Boever v. South Dakota Bd. of Accountancy, 526 NW2d 747, 750 (SD 1995) (quoting Gottschalk v. Hegg, 89 SD 89, 228 NW2d 640, 643-44 (1975))) (alterations in original). "Courts should decide only mature controversies, eschewing advisory opinions and conjectural questions." *Id*. (citing Kneip v. Herseth, 87 SD 642, 214 NW2d 93, 96 (1974)). "'Even if a court has jurisdiction to decide the constitutionality of the law, it should decline to do so if the issue is so premature that the court would have to speculate as to the presence of a real injury.'" *Id*. (quoting *Boever*, 526 NW2d at 750 (citing Meadows of West Memphis v. City of West Memphis, 800 F2d 212, 214 (8thCir 1986))).

#24680

[¶18.] Therefore, the circuit court's order affirming the Department's decision is affirmed as to the denial of a lump sump award and this Court does not reach Steinmetz's claims regarding ARSD 47:03:01:07.

[¶19.] RIEPEL, Circuit Judge, for ZINTER, Justice, disqualified.

[¶20.] GILBERTSON, Chief Justice, SABERS, KONENKAMP and MEIERHENRY, Justices, concur.