#25605-aff in pt, rev in pt & rem-GAS

**2011 S.D. 1**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MICHELE G. STUCKEY,                                    Appellee,

v.

STURGIS PIZZA RANCH and
NATIONWIDE MUTUAL INSURANCE
COMPANY,                                    Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MARK C. BARNETT
Judge

\* \* \* \*

Wm. JASON GROVES
Rapid City, South Dakota
and
DAVID S. BARARI
VERNE GOODSELL of
Goodsell Quinn, LLP
Rapid City, South Dakota                         Attorneys for appellee.

DENNIS W. FINCH of
Finch Maks, Prof. LLC
Rapid City, South Dakota                         Attorneys for appellants.

\* \* \* \*

ARGUED OCTOBER 6, 2010

OPINION FILED **01/12/11**

#25605

SEVERSON, Justice

[¶1.]        Michele Stuckey initiated this workers' compensation proceeding to secure future benefits for a work-related injury.  The Department of Labor did not award Stuckey a lump sum of future disability benefits, but it did award a partial lump sum to cover her attorney's fees, costs, and litigation expenses.  It also approved a life care plan for Stuckey's future medical care.  The circuit court reversed the Department's denial of a lump sum award of future disability benefits but affirmed all other aspects of the Department's decision.  We affirm in part, reverse in part, and remand.

## BACKGROUND

[¶2.]        Stuckey was employed by the Pizza Ranch restaurant (Employer) in Sturgis, South Dakota.  Stuckey suffered a work-related injury on October 8, 2003, when her left hand was crushed in a machine used to flatten pizza dough.  She returned to work following the injury and worked until February 23, 2004.  By that time, her condition had deteriorated significantly, and she was diagnosed with Reflex Sympathetic Dystrophy and Complex Regional Pain Syndrome.  As a result of her injury, Stuckey is unable to care for herself, her family, and her residence.  She requires assistance for personal care, meal preparation, and housekeeping.

[¶3.]        At the time of her injury, Stuckey was the primary wage-earner for her family and the sole caretaker of her thirteen-year-old daughter and disabled husband.  Her gross weekly wage was $298.52, and her net weekly wage was approximately $250.  Based on the date of her injury, Stuckey's weekly workers' compensation rate is now $249, which Employer has consistently paid.  Stuckey

receives an additional $97 per month from Social Security. Her current sources of income include her weekly workers' compensation benefits, Medicare benefits, and Social Security benefits payable to her, her husband, and her daughter. Although her weekly workers' compensation benefits are not taxed, they partially offset her Social Security benefits.

[¶4.] In March 2004, Stuckey retained an attorney to represent her concerning product liability and workers' compensation matters. In August 2004, Stuckey's attorney filed a petition for hearing with the Department. Stuckey alleged that she is unable to return to work due to her injury and requested "medical benefits and disability benefits as may be determined by the Department." In November 2005, after she served her petition and a request for admissions, Employer agreed that Stuckey is permanently and totally disabled. In January 2006, the Department entered an order declaring Stuckey permanently and totally disabled and entitled to lifetime benefits under SDCL 62-4-7.

[¶5.] The case continued to resolve several issues, including:

1. Whether Stuckey is entitled to a lump sum award of future disability benefits under SDCL 62-7-6.

2. Whether Stuckey is entitled to a partial lump sum award of future disability benefits to cover her attorney's fees, costs, and litigation expenses under SDCL 62-7-6.

3. Whether the Department erred by approving a life care plan for Stuckey's future medical care.

In January 2008, Stuckey filed a partial motion for directed decision requesting approval of a life care plan. In March 2008, the Department granted Stuckey's motion but determined that genuine issues of material fact existed as to the

reasonableness and medical necessity of two treatments in the life care plan. The

Department addressed the remaining issues in April 2009. The Department did not

award Stuckey a lump sum of future disability benefits, but it did award a partial

lump sum to cover her attorney's fees, costs, and litigation expenses. The circuit

court reversed the Department's denial of a lump sum award of future disability

benefits but affirmed all other aspects of the Department's decision. Employer

appeals.

## ANALYSIS AND DECISION

[¶6.] **1. Whether Stuckey is entitled to a lump sum award of future disability benefits under SDCL 62-7-6.**

[¶7.] Employer argues that the Department erred by awarding Stuckey a

lump sum of future disability benefits under SDCL 62-7-6.[1] South Dakota's

---

1. SDCL 62-7-6 provides:

> An employer or employee who desires to have any unpaid compensation paid in a lump sum may petition the Department of Labor asking that the compensation be paid in that manner. If, upon proper notice to interested parties and proper showing before the [D]epartment, it appears in the best interests of the employee that the compensation be paid in a lump sum, the [S]ecretary of [L]abor may order the commutation of the compensation to an equivalent lump-sum amount. That amount shall equal the total sum of the probable future payments capitalized at their present value on the basis of interest calculated at a rate per year set by the [D]epartment with annual rests in accordance with rules promulgated pursuant to chapter 1-26. If there is an admission or adjudication of permanent total disability, the [S]ecretary may order payment of all or part of the unpaid compensation in a lump sum under the following circumstances:
> > (1)  If the employee has exceptional financial need that arose as a result of reduced income due to the injury; or

(continued . . .)

workers' compensation statutes do not favor lump sum awards. After all, the primary emphasis must be providing an injured employee with a reliable stream of income to replace lost wages. *Steinmetz v. State, D.O.C. Star Acad.,* 2008 S.D. 87, ¶ 10, 756 N.W.2d 392, 396 (quoting *Thomas v. Custer State Hosp.*, 511 N.W.2d 576, 580 (S.D. 1994)).

> Since compensation is a segment of a total income insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a . . . totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the [worker] is right back where [she] would have been if [workers'] compensation had never existed.

*Id.* ¶ 8, 756 N.W.2d at 395 (quoting *Enger v. F.M.C.*, 2000 S.D. 48, ¶ 11, 609 N.W.2d 132, 135). Lump sum awards "must be made in accordance with the goal of preserving future wage replacement benefits." *Thomas*, 511 N.W.2d at 581. Ultimately, "[t]he allowance of a lump sum award is the exception and not the general rule." *Steinmetz*, 2008 S.D. 87, ¶ 8, 756 N.W.2d at 395 (quoting *Enger*, 2000 S.D. 48, ¶ 11, 609 N.W.2d at 135).

---

(. . . continued)

    (2)    If necessary to pay the attorney's fees, costs and expenses approved by the [D]epartment under § 62-7-36.

If a partial lump sum payment is made, the amount of the weekly benefit shall be reduced by the same percentage that the partial lump sum bears to the total lump sum computation. The remaining weekly benefit is subject to the cost of living allowance provided by § 62-4-7. Any compensation due to beneficiaries under §§ 62-4-12 to 62-4-22, inclusive, may not be paid in a lump sum, except for the remarriage lump sum provided in § 62-4-12.

[¶8.]     But SDCL 62-7-6 does allow for a lump sum award of future disability benefits in certain circumstances.  First, an injured employee must establish that a lump sum award is in her best interest.  SDCL 62-7-6(1).  Second, in the case of an injured employee who is permanently and totally disabled, a lump sum may be awarded if she establishes that she has an "exceptional financial need that arose as a result of reduced income due to the injury" or that a lump sum award is "necessary to pay attorney's fees, costs, and expenses."  SDCL 62-7-6(2).  The injured employee bears the ultimate burden of proving all facts essential to sustaining an award of compensation by a preponderance of the evidence.  *Darling v. W. River Masonry, Inc.*, 2010 S.D. 4, ¶ 11, 777 N.W.2d 363, 367 (citing *Titus v. Sioux Valley Hosp.*, 2003 S.D. 22, ¶ 11, 658 N.W.2d 388, 390).

[¶9.]     The issue whether a lump sum award is in Stuckey's immediate best interest has not been raised by the parties on appeal.  We therefore turn to the question whether Stuckey established exceptional financial need.  The circuit court, relying on Stuckey's unique circumstances and the reduction of her income following her injury, reversed the Department's conclusion that she failed to establish exceptional financial need:

> There is no dispute that [Stuckey] has suffered a profound disability.  Before the injury, [Stuckey] was the sole breadwinner for her family.  As the result of her injury, [Stuckey] has lost the capacity to provide necessities for herself, her teenage daughter, and her husband who also suffers a disability. . . .  As a result of her injury, [Stuckey's] income has been reduced.  At the time of her injury, [Stuckey] was making $298.52 per week or $1,293.59 per month. . . .  [Stuckey's] weekly workers' compensation amount is $249, which is $1,079 per month. . . .  The report of Doris Eizember reveals that [Stuckey] receives an additional $97 per month from Social Security.  With that amount, [Stuckey's] monthly income is

$1,176. This means [Stuckey's] post-injury income is $117.59 less per month than prior to her injury and $1,411.08 less per year. In its April 6, 2009, Decision, the Department found that [Stuckey's] income did not substantially decrease. Likewise, [Employer] argues [Stuckey's] income "really did not even decrease." However, [Stuckey's] decrease in monthly income as a result of her injury is nearly 10%. While this percent decrease may not be substantial to a person who was making $5,000 a month prior to injury, that is not the case for a person in the position of [Stuckey].

[¶10.] The circuit court reviewed the Department's denial of a lump sum award of future disability benefits under the de novo standard of review. But to clarify, the determination whether to award a lump sum is a mixed question of law and fact and requires a compound inquiry. *Steinmetz*, 2008 S.D. 87, ¶ 6, 756 N.W.2d at 395; *Enger*, 2000 S.D. 48, ¶ 10, 609 N.W.2d at 134. *See Stockwell v. Stockwell*, 2010 S.D. 79, ¶ 15, 790 N.W.2d 52, 58. We are asked to review not only the Department's factual findings concerning exceptional financial need but also the Department's application of that legal standard to the facts.

[¶11.] Different standards of review apply to these two inquiries. The Department's findings of fact are, of course, reviewed under the clearly erroneous standard. *See* SDCL 1-26-36(5). But the standard of review for the second inquiry – the application of law to fact – depends on the nature of the inquiry:

> If application of the rule of law to the facts requires an inquiry that is 'essentially factual' – one that is founded 'on the application of the fact-finding tribunal's experience with the mainsprings of human conduct' – the concerns of judicial administration will favor the [Department], and the [Department's] determination should be classified as one of fact reviewable under the clearly erroneous standard. If, on the other hand, the question requires us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then the concerns of

> judicial administration will favor the appellate court, and the
> question should be classified as one of law and reviewed de novo.

*Darling*, 2010 S.D. 4, ¶ 10, 777 N.W.2d at 366 (quoting *McNeil v. Superior Siding, Inc.*, 2009 S.D. 68, ¶ 6, 771 N.W.2d 345, 347-48 (quoting *Permann v. S.D. Dep't of Labor*, 411 N.W.2d 113, 119 (S.D. 1987) (quoting *United States v. McConney*, 728 F.3d 1195, 1202 (9th Cir. 1984)))). In reviewing the application of the exceptional financial need standard to the facts, the concerns of judicial administration favor the appellate court. After all, the determination whether to award a lump sum of future disability benefits requires this Court to balance the public policy concerns underlying South Dakota's workers' compensation system. We thus review the Department's application of the exceptional financial need standard to the facts under the de novo standard of review.

[¶12.] The circuit court made additional findings of fact concerning exceptional financial need. *See* SDCL 1-26-36 ("A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment."). In making those additional findings, the circuit court failed to recognize that while Stuckey's weekly wages were taxed, her weekly workers' compensation benefits are not. Before her injury, Stuckey's net weekly wages averaged approximately $250. Currently, her weekly workers' compensation benefits are approximately $249. Thus, Stuckey's income remained virtually the same, and Stuckey has not established that her present financial circumstances have arisen as a result of her work-related injury. *See Steinmetz*, 2008 S.D. 87, ¶ 10, 756 N.W.2d at 396. Additionally, "[r]educed income alone is not sufficient to show 'exceptional financial need.'" *Id.* ¶ 12 n.3, 756 N.W.2d at 397 n.3.

On these facts, the Department did not err by concluding that Stuckey failed to establish exceptional financial need that arose as a result of reduced income due to her injury. Therefore, we reverse the circuit court on this issue.

[¶13.] **2. Whether Stuckey is entitled to a partial lump sum award of future disability benefits to cover her attorney's fees, costs, and litigation expenses under SDCL 62-7-6.**

[¶14.] Employer argues that the Department erred by awarding Stuckey a partial lump sum of future disability benefits to cover her attorney's fees, costs, and litigation expenses. SDCL 62-7-36 contemplates that an attorney representing an injured employee is entitled to attorney's fees representing a percentage of the compensation he obtains for his client:

> Except as otherwise provided, fees for legal services under this title shall be subject to approval of the [D]epartment.
> Attorney['s] fees may not exceed the percentage of the amount of compensation benefits secured as a result of the attorney's involvement as follows:
> 1) Twenty-five percent of the disputed amount arrived at by settlement of the parties;
> 2) Thirty percent of the disputed amount awarded by the Department . . . after hearing or through appeal to circuit court;
> 3) Thirty-five percent of the disputed amount awarded if an appeal is successful to the Supreme Court.
> Attorney['s] fees and costs may be paid in a lump sum on the present value of the settlement or adjudicated amount.

And SDCL 62-7-6 authorizes a lump sum award to cover attorney's fees when necessary and in the injured employee's best interest. The purpose of a partial lump sum for attorney's fees is to ensure that injured employees will be able "to employ competent legal representation to secure all compensation to which they are legally entitled." *Enger*, 2000 S.D. 48, ¶ 29, 609 N.W.2d at 138. After all, "[i]f attorneys [were] denied fees for work prosecuted on behalf of an injured worker,

there would be a chilling effect upon the ability of an injured party to obtain adequate representation." *Stanton v. Hills Materials Co.*, 1996 S.D. 109, ¶ 20, 553 N.W.2d 793, 797 (Gilbertson, J., concurring).

[¶15.] The question whether Stuckey is entitled to a partial lump sum award to cover her attorney's fees, costs, and litigation expenses is also a mixed question of law and fact that requires a compound inquiry. *See Enger*, 2000 S.D. 48, ¶ 27, 609 N.W.2d at 137. *See also supra* ¶ 10. We must review the Department's factual findings concerning the award of attorney's fees, the determination that a partial lump sum award is necessary and in Stuckey's best interest, the decision to award attorney's fees, and the amount of the award. Again, the Department's findings of fact are reviewed under the clearly erroneous standard. *See* SDCL 1-26-36(5). Like the application of the exceptional financial need standard to the facts, the determination whether Stuckey has established that a partial lump sum award is necessary and in her best interest is reviewed de novo.[2] *See Enger*, 2000 S.D. 48, ¶¶ 10, 27, 609 N.W.2d at 134, 137. *See also supra* ¶ 11. But the award and its amount are reviewed under the abuse of discretion standard. *See In re S.D. Microsoft Antitrust Litig.*, 2005 S.D. 113, ¶ 27, 707 N.W.2d 85, 97-98 (citing *Anderson v. Aesoph*, 2005 S.D. 56, ¶ 18, 697 N.W.2d 25, 31).

---

2. The Department found that Stuckey "is unable to pay her attorney's fees and expenses without a partial lump sum award" and that "a partial lump sum award for attorney's fees will eliminate the offset for [Stuckey's] [S]ocial [S]ecurity benefits." The Department therefore concluded that a partial lump sum award was necessary and in Stuckey's best interest. On appeal, Employer has not argued that these findings and conclusions were error.

[¶16.] Employer argues that the Department erred by awarding Stuckey a partial lump sum because her attorney did not "secure" "disputed" disability benefits as required by SDCL 62-7-36. The Department made several findings concerning the involvement of Stuckey's attorney in this case. The Department found that her attorney collected medical proof of disability, deposed doctors, and retained an expert to prepare a plan for her future medical care. The Department also found that her attorney's "involvement in this matter [was] extensive and thorough" and that "[d]ue to [his] involvement, [Stuckey] received a determination that she is permanently and totally disabled." As to the argument that Stuckey's benefits were not disputed, the Department found that her attorney "repeatedly asked [Employer] to admit that [she] was disabled" and that Employer did not agree that Stuckey was disabled until November 2005. Given her attorney's work on this case, the Department concluded that "[a]n award of attorney's fees, as permitted by the statute, of thirty-percent . . . is reasonable and justified." The Department's findings of fact concerning attorney's fees are not clearly erroneous. On these facts, the Department did not abuse its discretion by awarding Stuckey a partial lump sum of thirty percent to cover her attorney's fees, costs, and litigation expenses.

[¶17.] **3. Whether the Department erred by approving a life care plan for Stuckey's future medical care.**

[¶18.] In May 2006, Linda Graham prepared a health care cost evaluation, outlining Stuckey's physical limitations and detailing the estimated costs of the medical services Stuckey will need for the remainder of her life. In April 2007, Graham prepared an updated evaluation or life care plan, providing that the Sandstone Villa Care Community in Spearfish, South Dakota, is an appropriate

place for Stuckey to live and receive medical attention. It also shows the estimated costs of living at Sandstone, medications, treatments, psychological support, and other therapies for the remainder of Stuckey's life. The total estimated cost of the life care plan is $2,883,960. The Department approved the course of treatment set forth in Stuckey's life care plan, and the circuit court affirmed.

*Procedural Issues*

[¶19.] In January 2008, Stuckey filed a partial motion for directed decision on the life care plan issue. The Department treated Stuckey's motion as a motion for summary judgment and granted it. Employer challenges the Department's approval of the life care plan on three procedural grounds:[3] (1) that summary judgment is a pretrial motion that was improperly utilized in a post-trial situation; (2) that it was error for an administrative law judge who did not hear the case to rule on Stuckey's motion; and, (3) that summary judgment was improperly granted

---

3. Stuckey argues that these procedural arguments should be deemed waived because Employer did not present these arguments or provide authority for them in the proceedings before the Department. It is true that "[a]n issue not raised at the [Department] level cannot be raised for the first time on appeal." *Action Mech., Inc. v. Deadwood Historic Pres. Comm'n,* 2002 S.D. 121, ¶ 50, 652 N.W.2d 742, 755 (citing *State v. Nelson,* 1998 S.D. 124, ¶ 7, 587 N.W.2d 439, 443). And "the failure to cite authority in support of an issue . . . is a waiver of the right to present that issue on appeal." *Behrens v. Wedmore,* 2005 S.D. 79, ¶ 55, 698 N.W.2d 555, 577 (citing *State v. Pellegrino,* 1998 S.D. 39, ¶ 22, 577 N.W.2d 590, 599). But on May 15, 2009, Employer filed a petition for review, alleging that the Department did not follow proper procedure in granting Stuckey's motion on the life care plan. The brief in support of that petition provided citations to statutes and case law. Thus, a review of the record reveals that Employer properly raised these alleged procedural errors in the proceedings before the Department, and we will address them.

because genuine issues of material fact existed. We address each of these procedural arguments in turn.

[¶20.]    Employer argues that the Department improperly treated Stuckey's motion as a motion for summary judgment. In so doing, the Department relied on ARSD 47:03:01:08, which provides:

> A claimant or an employer or its insurer may, anytime after expiration of 30 days from the filing of a petition, move with supporting affidavits for a summary judgment. The [D]ivision shall grant the summary judgment immediately if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Employer, relying on SDCL 15-6-56(a),[4] argues that summary judgment is a pretrial motion. Employer further argues that Stuckey's motion was like a motion for judgment as a matter of law under SDCL 15-6-50(a),[5] which is waived if not

---

4.    SDCL 15-6-56(a) provides:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of thirty days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

5.    SDCL 15-6-50(a) provides:

> (1)    If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(continued . . .)

made at trial. ARSD 47:03:01:08, the administrative rule on which the Department relied, clearly provides that a party may move for summary judgment anytime after thirty days have passed from the filing of the petition. The rule does not require that the motion be made before the hearing. The Department therefore did not err by treating Stuckey's motion as a motion for summary judgment.

[¶21.]     Employer further argues that it was error for an administrative law judge who did not hear the case to rule on Stuckey's motion. In August 2007, an evidentiary hearing was held in this case before Administrative Law Judge Elizabeth Fullenkamp. Stuckey thereafter filed her motion. In March 2008, James Marsh, the Director of the Department's Division of Labor and Management, entered a decision on Stuckey's motion. To support its argument, Employer cites SDCL 15-6-63:

> If by reason of death, sickness, or other disability or separation from office, a judge before whom an action has been tried is unable to perform the duties to be by him performed after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may, in his discretion, grant a new trial.

*See Quist v. Leapley*, 486 N.W.2d 265 (S.D. 1992); *Hinman v. Hinman*, 443 N.W.2d 660 (S.D. 1989). By contrast, ARSD 47:03:01:08 provides that "the [D]ivision," and

---

(. . . continued)

> (2)     Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

not a particular administrative law judge, "shall grant the summary judgment[.]"
It is also important that no doctors testified at the hearing and their deposition
testimony was available for Director Marsh's review. For these reasons, it was not
error for Director Marsh, an employee of the Division, to rule on Stuckey's motion.

[¶22.] Employer finally argues that the Department erred by granting
Stuckey's summary judgment motion on the life care plan issue when it found that
genuine issues of material fact existed on two issues. The Department granted
Stuckey's motion "with the exception that genuine issues of material fact exist[ed]
as to the appropriateness of a hot tub and treadmill." There was no dispute that a
treadmill and hydrotherapy were reasonable and necessary medical treatments for
Stuckey. Rather, the dispute was whether a hot tub and an enclosure should be
placed in Stuckey's home. The fact that a dispute existed as to this issue did not
prohibit the Department from granting Stuckey's summary judgment motion on the
remaining issues concerning the life care plan.

*Substantive Issue*

[¶23.] SDCL 62-4-1 governs an employer's obligation to pay an injured
employee's medical expenses for treatment of a work-related injury. This statute
provides in part:

> The employer shall provide necessary first aid, medical, surgical,
> and hospital services, or other suitable and proper care
> including medical and surgical supplies, apparatus, artificial
> members, and body aids during the disability or treatment of an
> employee within the provisions of this title. . . . The employee
> shall have the initial selection to secure the employee's own
> physician, surgeon, or hospital services at the employer's
> expense[.]

SDCL 62-4-1. In interpreting this statute, we have stated that "[i]t is in the doctor's province to determine what is necessary or suitable and proper." *Streeter v. Canton Sch. Dist.*, 2004 S.D. 30, ¶ 25, 677 N.W.2d 221, 226 (quoting *Krier v. John Morrell & Co.*, 473 N.W.2d 496, 498 (S.D. 1991)). And "[w]hen a disagreement arises as to the treatment rendered or recommended by the physician, it is for the employer to show that the treatment was not necessary or suitable and proper." *Id.* (quoting *Krier*, 473 N.W.2d at 498). *See Engel v. Prostrollo Motors*, 2003 S.D. 2, ¶ 32, 656 N.W.2d 299, 304; *Hanson v. Penrod Constr. Co.*, 425 N.W.2d 396, 399 (S.D. 1988).

[¶24.] The parties, the Department, and the circuit court confused the record in this case by using the term "life care plan." This term is borrowed from tort law. Life care plans are used primarily in personal injury cases where a jury must render a verdict forecasting future costs of medical expenses. *See Hebert v. Shelton*, 11 So.3d 1197, 1206 (La. Ct. App. 2009) ("Our research reveals that the overwhelming majority of cases involving life care plans are not workers' compensation cases; rather, the life care plan is most often used to show an element of damages for future care costs in a tort suit."). Personal injury cases and workers' compensation proceedings differ significantly. After all, unlike an injured employee, injured parties in a tort suit do not have the statutory right to the continuous payment of medical expenses. *See* SDCL 62-4-1. The term "life care plan" is not used in South Dakota's workers' compensation statutes. Consequently, the use of the term "life care plan" in workers' compensation proceedings only adds confusion.

[¶25.] In its memorandum decision, the circuit court repeatedly referred to the Department's decision to "award" the life care plan. Employer thus argues that Stuckey's life care plan is effectively a lump sum award of future medical expenses and is not authorized by South Dakota's workers' compensation law. Employer also contends that a lump sum award of future medical expenses presents the risk that those resources will be quickly exhausted, leaving Stuckey in precisely the same position she would be in if workers' compensation did not exist. *See, e.g., Steinmetz*, 2008 S.D. 87, ¶ 8, 756 N.W.2d at 395 (quoting *Enger*, 2000 S.D. 48, ¶ 11, 609 N.W.2d at 135). But a review of the record reveals that the Department only considered whether the course of treatment set forth in the life care plan was reasonable and medically necessary. The Department approved the course of treatment as reasonable and medically necessary but did not "award" a lump sum for the future medical expenses associated with it.

[¶26.] Courts in other jurisdictions have similarly referred to "awards" of future medical expenses, but they are not "awards" at all. Those courts recognize that injured employees have a statutory right to the continuous payment of the medical expenses related to their work-related injuries, but they are not entitled to a lump sum payment of their future medical expenses. *See* Larson's Workers' Compensation Law § 94.01[5], 9-11 (2006) (citing *Polavarapu v. Gen. Motors Corp.*, 897 S.W.2d 63, 66 (Mo. Ct. App. 1995); *Reed v. S. Baptist Hosp.*, 541 So.2d 233, 235 (La. Ct. App. 1989) (An injured employee "is not entitled to an award for future medical expenses, but the right to claim such medical expenses is always reserved to [him]."); *Andersen v. Eagle Asbestos Co.*, 355 So.2d 1082, 1083 (La. Ct. App. 1978)

("The settled rule is that a workmen's compensation claimant is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to him, even though defendant's liability for them arises only when they are incurred.")). *See also* SDCL 62-4-1. We find no case law awarding an injured employee a lump sum for future medical expenses.

[¶27.]        There is little dispute in this case, if any, that some course of future treatment is reasonable and medically necessary. On that issue, the experts agreed. The Department thus approved the course of treatment set forth in the life care plan as reasonable and medically necessary but did not "award" a lump sum for the future medical expenses associated with it. In South Dakota, as in other jurisdictions, injured employees have a statutory right to the payment of the ongoing medical expenses related to their work-related injuries, but they are not entitled to a lump sum payment of those expenses. *See* Larson's Workers' Compensation Law § 94.01[5], 9-11. An injured employee's medical expenses are to be paid as they are incurred. *See id.* When Stuckey incurs medical expenses in the future, Employer may reimburse her or challenge the expenses as not necessary or suitable and proper under SDCL 62-7-33.[6] Although we discourage the use of the

---

6.     SDCL 62-7-33 provides:

> Any payment, including medical payments under § 62-4-1, . . . made or to be made under this title may be reviewed by the Department of Labor pursuant to § 62-7-12 at the written request of the employer or of the employee on such review payments may be ended, diminished, increased, or awarded subject to the maximum or minimum amounts provided for in this title, if the [D]epartment finds that a change in the condition of the employee warrants such action. Any case in

(continued . . .)

term "life care plan" in workers' compensation proceedings, we affirm the

Department's approval of the course of treatment set forth for Stuckey subject to

SDCL 62-7-33.

[¶28.]    Affirmed in part, reversed in part, and remanded.

[¶29.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and

MEIERHENRY, Justices, concur.

_____

(. . . continued)

>which there has been a determination of permanent total
>disability may be reviewed by the [D]epartment not less than
>every five years.